### MIKE STEWART v. THE STATE.

No. 1742. Decided June 7, 1899.

**Murder—Self-Defense—Real and Apparent Danger—Charge.**

On a trial for murder, where the right of self-defense under the evidence was based upon the theory that deceased, after threatening defendant, had gone off, armed himself, returned for the purpose of bringing on a deadly conflict, and was approaching defendant with his right hand under his coat about the hip-pocket; Held, error for the court, in its charge, to predicate defendant's right of self-defense upon the theory that deceased had made an actual attack upon him, and not upon apparent danger.

APPEAL from the District Court of Waller. Tried below before Hon. WELLS THOMPSON.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Walter Lewis, on the 15th day of December, 1898, by shooting him with a gun.

Defendant testified in his own behalf, and, in the main, his testimony as to what occurred at the time of the difficulty is corroborated by the other witnesses, both for the State and the defendant.

Mike Stewart, the defendant, testified: "I was taking a chance at a raffle at Scott's saloon, and was waiting for the raffle to take place at the time of the difficulty with the deceased. I was sitting on the table when Walter Lewis struck me. I remarked to him, 'You know I am sick, and you ought not to have struck me; I ought to take something and knock you down.' The deceased said, 'You will do nothing but tip your hat to me;' and words brought on the fuss. He pulled out his knife and started to me, and some one stopped him. Bud Smith and George Ellington got hold of me and pushed me out of the door. They started in the saloon with him, and I came back and he tried to throw a bottle at me. Deceased went out of the house cursing, and said he would come back and do me up. I then walked out of the saloon on to the sidewalk. In a few minutes deceased came back and went into the saloon, and was cursing the Stewart family and inquiring for me. I heard Walter Scott tell him to go on off and not have any fuss or he would send for an officer. He came out on the sidewalk and turned east with his face toward me, coming toward me with his right hand on his hip pocket. I thought he was going to pull his pistol to shoot me, and I then pulled my pistol and fired at him. I don't know if I hit him. I was standing eight or ten feet from the door, angling east of the door. I did not go in the saloon any more. I left the place."

The charges of the court complained of are as follows:

"And if the deceased was armed at the time he was killed, and making such attack on defendant, and if the weapon used by him and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes that deceased intended to murder or aimed to inflict serious bodily injury upon said defendant."

"If, from the evidence, you believe the defendant killed the said Walter Lewis, but further believe that at the time of so doing the deceased had made an attack on him, which, from the manner and character of it, and the relative strength of the parties, and the defendant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that, acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him."

*Lipscomb & Styles*, for appellant.

*Robt. A. John*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—After instructing the jury in regard to the appearance of danger and the law of retreat, the court gave this charge: "If, from the evidence, you believe the defendant killed the said Walter Lewis, but further believe that at the time of so doing the deceased had made an attack on him, which from the manner and character of it, and the relative strength of the parties, and the defend-

ant's knowledge of the character and disposition of the deceased, caused him to have a reasonable expectation or fear of death or serious bodily injury, and that, acting under such reasonable expectation or fear, the defendant killed the deceased, then you should acquit him. And if deceased was armed at the time he was killed, and was making such an attack on defendant, and if the weapon used by him and the manner of its use were such as were reasonably calculated to produce death or serious bodily harm, then the law presumes the deceased intended to murder or aimed to inflict serious bodily injury upon defendant." The testimony tended to show that deceased and defendant, a short time previous to the homicide, had had a personal difficulty in the rear end of a saloon, that deceased had left the premises, with the threat to "fix" himself and return. Directly after deceased left, defendant also disappeared. In a short time deceased returned, entered the saloon, and was rather boisterous, inquiring for defendant, and cursing the "Stewarts." He was ordered by the proprietor to leave, and as he stepped out of the door was fired upon and killed by defendant. When he entered the saloon, his right hand was under his coat, about his hip pocket. The hand was in the same position at the time the pistol fired. After the occurrence a rock was found under the body. He seems to have had no pistol. In view of this state of the case, we believe the objection of appellant to the charge above quoted is meritorious. This charge submits the case upon the theory that the deceased had made an attack on defendant. Under the facts this assumption is unwarranted, and it turned the issue of self-defense not upon apparent danger, but upon the fact that deceased had then made an attack. Defendant based his right upon the theory, under this evidence, that deceased had armed himself, and returned to the scene of the homicide for the purpose of bringing on a deadly conflict, and was then seeking him for that purpose, and to this end was then approaching him. Defendant was standing outside the building on the sidewalk. This identical question was thoroughly discussed in Phipps v. State, 34 Texas Criminal Reports, 560, and this same charge held erroneous. For the reasons given in the Phipps Case, we hold this charge erroneous. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*