## W. E. KARR v. STATE.

No. A-8384.   Jan. 6, 1933.
(17 Pac. [2d] 992.)

Grover L. Bynum, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of manslaughter in the first degree and was sentenced to a term of four years in the state penitentiary.

On the day and a short time prior to the homicide, deceased had some difficulty with his wife, defendant's daughter, and she went to defendant's home. Deceased and one Sallee drove to the place, stopped in front, and defendant came out. Some words passed, Morris got out of the car, and some blows were struck. Sallee also got out of the car and joined in the difficulty. Defendant went in the house, got a shotgun, and returned into the yard. Sallee ran from the scene. Morris got back in his car and defendant fired one shot, killing him instantly. The plea was self-defense.

It is argued the court erred in a statement to the jury before it was impaneled. The substance of this statement is that the court had been informed a juror had stated he would pay no attention to the instructions, the court told the jury as a whole the instructions were a part of the trial, the law of the case, and it was the duty of the jury to observe them. That the facts were for the jury but the law was for the court, and, if the juror who made such a remark was in the box, he should excuse himself. We see nothing in this general cautionary statement that could possibly be prejudicial. See Pate v. State, 15 Okla. Cr. 90, 175 Pac. 122; Wilson v. State, 54 Okla. Cr. 129, 15 Pac. (2d) 1043.

We are pressed next with the argument that there was prejudicial error committed in that the jury viewed the scene of the homicide without authority of the court and without any special form of oath to the officer in charge. It appears that, while the jury were deliberating, defendant's counsel took the judge a message from his wife; the court inquired about the jury, and counsel informed him the bailiff had stated they wanted to see the place of the homicide, and after that they went to the place. Defendant was in the garden nearby at the time the jury was there. There was nothing about the premises that would throw any light on the homicide. So far as arriving at any verdict was concerned, it was immaterial whether the jury viewed it or not. The view under the circumstances was improper, but no improper information could come to them from such view and it could not have influenced their verdict. It was not prejudicial. Trial judges should read the statutes and should be careful to observe the procedure provided by it, but a deviation on a matter not affecting the integrity of the trial and not prejudicial does not require a reversal. Bird v. State, 22 Okla. Cr. 263, 210 Pac. 925; 16 C. J. p. 1170, § 2678, n. 43.

Some other matters are suggested in the briefs, but none are of sufficient importance to require special discussion. We are satisfied defendant had a fair trial, and no reason for interference by this court is made to appear.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.