Argued October 3, decided October 14, rehearing denied November 11, 1913.

# SCHULTE v. PACIFIC PAPER CO.*

(135 Pac. 527: 136 Pac. 5.)

**Master and Servant—Injuries to Servant—What Law Governs—Question for Court or Jury.**

1. In an action for injuries to a servant, whether the cause of action should be governed by the employers' liability act (Laws 1911, p. 16) or by the principles of the common law is a question for the court, and it was therefore error to submit it to the jury.

**Master and Servant—Injuries to Servant—Employers' Liability Act.**

2. The employers' liability act (Laws 1911, p. 16) does not cover every case of an employer's liability for injuries to his servant but is only applicable to the specific cases enumerated in the act, being intended only so far to supersede the common-law duty of an employer to his employee.

**Master and Servant—Injuries to Servant—Employers' Liability Act—Notice.**

3. The employers' liability act (Laws 1911, p. 16) is a general law taking the place of the common-law liability in cases to which it is applicable, no other notice being required that the action is brought under the statute than to allege facts that bring the case within it.

[As to construction of provision in employers' liability act requiring notice of injury to be given employer, see note in Ann. Cas. 1912B, 326.]

**Appeal and Error—Review—Rulings on Evidence—Prejudice.**

4. Where a servant was injured by being caught by a descending elevator as he leaned his head over the gate, evidence that the railing around the elevator well on the other sides was not five feet high as required by city ordinance, while immaterial, was not prejudicial to defendant.

**Master and Servant—Injuries to Servant—Elevator Well—Railing.**

5. Where a city ordinance provided that wells containing freight elevators should be protected with a suitable railing not less than five

---

*Upon the effect of employers' liability acts on common-law action, see note in 12 L. R. A. (N. S.) 1038.

On the question of the master's liability for injury to servant caused by elevator uninclosed as required by statute or ordinance, see note in 15 L. R. A. (N. S.) 784; and as to the measure of duty owing to servants with respect to elevators which they are required or permitted to use for personal transportation, see note in 18 L. R. A. (N. S.) 911.                                                        Reporter.

feet high, it required that the gate on one side of the well should be of the height specified.

**Master and Servant—Injuries to Servant—Unguarded Elevator Well.**

6. Where plaintiff was injured by being struck by a descending elevator car as he was leaning into the elevator well, which was not inclosed five feet high on each floor as required by statute, the omission to construct the inclosure to the statutory height at other places than where the injury was received was immaterial, since the negligent act or omission of duty for which damages might be recovered must be the proximate cause of the injury.

**Master and Servant—Injuries to Servant—Elevator Well—Insufficient Guards—Statutes.**

7. Where, in an action for injuries to a servant by defendant's failure to guard an elevator well as required by statute, if the court was of the opinion that the complaint was brought under the statute, and also alleged elements of liability not included therein, but constituting a ground of liability at common law, it should have distinguished such grounds of recovery in its instructions, and specifically stated the issues of fact and the defense admissible under each, instead of submitting them to the jury to determine the issue of law and to adopt its own view for its application to the facts.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is an action by Francis Schulte against the Pacific Paper Company, a corporation, to recover for personal injuries.

Plaintiff alleges that defendant was occupying a six-story building in which plaintiff was employed by it and in which an automatic electric elevator was used by the defendant and its employees for conveying merchandise from one floor to another; that the elevator shaft on the fifth floor was inclosed on one side by the brick wall of the building and on the other three sides by a railing about three feet and eight inches in height, one side being an automatic gate; that the elevator cage was equipped with a signal bell fastened to the top and rung from each floor by means of a button as a warning to those on or near the elevator that it was about to be moved to another floor and also for the purpose of locating it by

one desiring to use it; that there was no operator in the cage, but each employee brought it to the floor at which he desired it by pulling the rope; that the elevator bell was out of order and did not ring when plaintiff pushed the button, so that it did not indicate the location of the cage; and that he leaned over the gate to look down the well to ascertain its location, and, while so stooped over the gate, the cage descended upon him and struck him on the back of the head and neck, causing the injuries of which he complains. The negligence complained of was in permitting the electric bell to be out of order and in not having the well inclosed by a railing not less than five feet high, as required by ordinance No. 21,455 (section 758) of the City of Portland, which requires that all freight elevators and shafts not inclosed shall be protected on each floor with a suitable railing not less than five feet high and with automatic self-closing gates, and forbids their use unless so protected or inclosed.

In addition to the denials defendant alleges two affirmative defenses, namely, contributory negligence of the plaintiff and that plaintiff assumed the risk of using the elevator with full knowledge of the dangers. The case was tried before a jury, which found a verdict for the plaintiff in the sum of $10,000. From a judgment thereon, defendant appeals.

REVERSED.

For appellant there was a brief over the name of *Messrs. Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Schuyler C. Spencer.*

For respondent there was a brief over the name of *Messrs. Wilson, Neal & Rossman,* with oral arguments by *Mr. Oscar A. Neal* and *Mr. George Rossman.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The principal contention in this case arises from the fact that by the instructions the court submitted to the jury the question whether or not the action is one under the initiative act adopted by the people in November, 1910, known as the employers' liability act (Laws 1911, p. 16), or under the common-law liability. The evidence required and admissible under the common-law liability and the application of it is very different from that under the statute. To determine whether the action is to be tried and decided under the one or the other was a law question to be decided by the court, and in leaving that question to the jury the court admitted evidence both as to facts that would create a liability under the statute and also evidence to establish a liability under the common law, and permitted it to determine whether the action was under the statute or under the common-law liability and whether the evidence was applicable under the one or the other, thus allowing it to decide all the legal questions involved, without any indication as to what decision it should make thereon, and leaving no opportunity for either party to have the action of the jury thereon reviewed.

2, 3. This statute does not cover every case of an employer's liability to his employee, but only the specific cases enumerated in the act. It was intended to supersede the common-law duty of the employer to his employee as to all matters particularly mentioned and changes the character of proof necessary to establish negligence on the part of the employer, and is a general law taking the place of the common-law liability in cases coming within it; and no other notice that the action is brought under the statute is required in such an action than to allege the facts

67 Or.—22

that bring the case within it: *Lore* v. *American Mfg. Co.,* 160 Mo. 608 (61 S. W. 678). The effect of the statute is to eliminate the defense of the assumed risk in actions within it: *Welsh* v. *Barber Asphalt Pav. Co.,* 167 Fed. 465 (93 C. C. A. 101); *Caspar* v. *Lewin,* 82 Kan. 604 (109 Pac. 657); *Blair* v. *Heibel,* 103 Mo. App. 621 (77 S. W. 1017). By section 6 thereof, the employers' liability statute expressly eliminates the defense of contributory negligence, except that it may be taken into account by the jury in fixing the amount of damages and for that purpose may be pleaded and proved, not as a defense, but for the consideration of the jury in determining the amount of the recovery. It also eliminates the defense that the injury was the result of the negligence of a fellow-servant in certain cases, and no doubt by section 2 it is intended to change the rule that the character of the act in the performance of which the injury arises, and not the rank or class of the negligent employee, is the test whether a negligent employee is a vice-principal or a fellow-servant, as announced in *Mast* v. *Kern,* 34 Or. 247 (54 Pac. 950, 75 Am. St. Rep. 580). Thus it is seen that the evidence applicable and the matters for consideration by the jury are entirely different in the two cases. Whether the jury determined these matters correctly cannot be known, and it was error for the court to submit to it the determination of the law questions involved.

4. Another error complained of is that witnesses were permitted to testify that the height of the railing around the elevator well, especially the sides away from the gate, was only three feet eight inches in height. That was immaterial other than as it was a circumstance connected with the height of the gate, but was not prejudicial. It would have been imma-

terial in the case if there had been no railing on the other two sides, as such fact would not have contributed to the cause of the injury; but defendant's contention is that the necessary height of the gate is not provided for by the city ordinance relied on. In this defendant is at fault.

5. The ordinance provides that the well shall be protected with a suitable railing not less than five feet high. It would not be protected as contemplated by the ordinance if one side were unguarded, and, as the gate is a part of the protection, it must be the height specified as it constitutes part of the railing. See, to this effect, *Dibblee* v. *Astoria & Columbia River R. R. Co.,* 57 Or. 428, 430 (11 Pac. 242, 112 Pac. 416), and cases there cited.

Other errors assigned can be determined only with reference to whether the complaint is within the statute or is based on the common-law liability, and the errors complained of, if any, are not likely to occur again.

For the error above mentioned, the judgment is reversed and the cause remanded.          Reversed.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.

---

Denied November 11, 1913.

On Petition for Rehearing.

(136 Pac. 5.)

Mr. Justice Eakin delivered the opinion of the court.

The liability of a defendant in an action for injuries to the person may depend upon violations of a stat-

ute and also upon elements contributing to the injury that disclose a liability at common law not covered by the statute. The issues of fact were not the same under each, and what these issues are must be determined by the court and stated to the jury. It must not be left to determine the law for itself and to apply it to the facts indiscriminately.

6. Counsel urge that under the statute the elevator shaft or well was not inclosed five feet high on each floor, and that for such omission the jury might find defendant liable without regard to whether such negligence was the proximate cause of the injury; but the condition of the inclosure of the well at other places than where the injury was received was wholly immaterial. The negligent act or the omission of the duty for which the damages may be recovered must be the proximate cause of the injury: 29 Cyc. 600; *Wallace* v. *Suburban Ry. Co.*, 26 Or. 174 (37 Pac. 477, 25 L. R. A. 663); *Hartvig* v. *N. P. Lumber Co.*, 19 Or. 522 (25 Pac. 358).

7. If the court was of the opinion that the complaint was brought upon the statute, alleging also elements of liability not included in the statute, but constituting a ground for liability at common law, it should have distinguished them in its instructions and specifically stated the issues of fact and the defense admissible to each, instead of submitting them to the jury to determine the issue of law and to adopt its own view for the application of it to the facts.

The petition is denied.

Reversed: Rehearing Denied.