Argued June 7; reversed July 10, 1934

# MIDDLEBUSHER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION
## (34 P. (2d) 325)

*Miles H. McKey,* of Salem, Assistant Attorney General (I. H. Van Winkle, Attorney General, and Victor R. Griggs, Assistant Attorney General, on the brief), for appellant.

*George M. Roberts,* of Medford (Wm. M. McAllister, of Medford, on the brief), for respondent.

RAND, C. J. This is an appeal by the State Industrial Accident Commission from a judgment awarding to plaintiff, under the Workmen's Compensation Act, compensation for personal injuries alleged to have been sustained by plaintiff while engaged in the scaling of logs. The case was tried on an agreed statement of facts. As so stipulated, the facts are: One Jake Steiger was the owner of certain standing timber in Klamath county which he had contracted to sell to one G. C. Lorenz and it was stipulated that: ''when and as the said timber was cut and removed from the land by the said Lorenz, the said Steiger had the privilege of employing a check scaler for the purpose of scaling said timber as the same was cut to protect his interest in calculating the amount of timber taken from said tract of land''. It was further stipulated that Lorenz and Steiger were each to bear one-half of the expense of the scaler. In 1930, Lorenz sold to the Crater Lake Timber Company his right under the contract to cut and remove a part of the timber that he had contracted to purchase from Steiger. In June, 1932, when the accident complained of happened, that company was engaged in the logging of said timber and plaintiff was engaged in scaling the timber that was then being cut and removed from the land by the Crater Lake Timber Company, and, while so engaged, was in the employ of Steiger. Neither Steiger nor Lorenz was engaged in logging and neither of them

was subject to the Workmen's Compensation Act, nor in any way contributing to the State Industrial Accident Fund.

It was further stipulated that, in order for plaintiff to scale said logs, it was necessary for him to ascertain the sections and quarter sections on which the logs were cut and that, in searching for the section and quarter section corners and while turning over one of said logs for the purpose of ascertaining whether there were any marks inscribed thereon of the government survey, plaintiff sustained a hernia which is the accident for which judgment awarding compensation has been granted.

It will thus be seen that the sole question on this appeal is whether a person who has been employed by a vendor of standing timber to scale the logs as they are being cut and removed from the land by the vendee is entitled to compensation under the Workmen's Compensation Act for an injury sustained by him where his employer, the vendor, is not engaged in the logging operations and is not subject to the Workmen's Compensation Act and is having the scaling done for his sole benefit and not as a part of said logging operations.

▉ Our attention has not been called to any provision of the Workmen's Compensation Act of this state, and we find none, which entitles an injured workman to compensation under the act where the employer of such workman is not himself subject to the provisions of the act at the time of the injury. Section 49-1815, Oregon Code 1930, declares certain occupations to be hazardous and section 49-1810 provides that: "All persons, firms and corporations engaged as employers in any of the hazardous occupations hereafter specified, shall be subject to the provisions of this

act". Then follows a proviso that such employers may be relieved of certain obligations imposed by the act and shall lose the benefits thereof by filing with the commission written notice of an election not to be subject thereto. Under this and other provisions of the statute, all employers who are engaged in one of the hazardous occupations specified in section 49-1815 are subject to the act unless they shall have filed with the commission a written notice of their election not to be subject thereto. Section 49-1813 provides that: "All workmen in the employ of persons, firms or corporations who as employers are subject to this act shall also be subject thereto." This also is followed by the proviso that the workman shall be entitled to an election as to whether he shall become subject to the act or not, and may exercise the election if he does not desire to become subject to the act by giving his employer written notice of his election not to be subject thereto. Section 49-1814 provides that:

"Every workman subject to this act while employed by an employer subject to this act who while so employed sustains personal injury by accident arising out of and in the course of his employment and resulting in his disability  *  *  *  shall be entitled to receive from the industrial accident fund thereby created the sum or sums hereinafter specified," etc.

The statute itself fixes the rate to be paid by the employer for each of his said workmen while engaged in said hazardous occupations. It also contains a provision enabling employers who are not engaged in any of the occupations declared by the legislature to be hazardous to obtain from the commission a rate and, upon paying the rate and complying with the other provisions of the statute, becoming, together with their employees, subject to the provisions of the act. There

are, however, no provisions in the act which entitle the workman to become subject to the act and to receive compensation for an injury sustained by him where his employer is not himself subject to the provisions of the act.

■ As stated above, section 49-1815 declares certain occupations to be hazardous and logging is included therein. As ordinarily defined, logging consists of felling trees, cutting them into logs and transporting them to mill or market. Every employer, while engaged in logging, is engaged in a hazardous business and becomes automatically subject to the Workmen's Compensation Act unless he shall have given written notice to the commission of his election not to become subject to the act. Where such notice has been given until rescinded, neither the employer nor his employees are subject to the act nor entitled to any of its benefits. Where the employer is engaged in a hazardous occupation and has not given notice to the commission of his election not to become subject to the act, not only he but all his employees engaged in that business automatically become subject to the act unless such employees have notified their employer in writing of their election not to become subject to the act.

■ Under the stipulation of facts, plaintiff was employed by Steiger, or by Steiger and Lorenz. Neither plaintiff, Steiger nor Lorenz was at the time engaged in the logging business, and neither Steiger nor Lorenz had done any affirmative act sufficient to bring them within the provisions of the Workmen's Compensation Act. They had employed the plaintiff to scale the logs, not as a part of any logging operations they themselves were carrying on but in order to enable them to determine the price which the company that was doing the logging should pay for the logs. Plaintiff was

not a part of the logging crew or employed by the logging company and, since his employer, or employers, as the case may be, were not engaged in logging or in any other hazardous occupation, neither plaintiff nor his employers were subject to the provisions of the Workmen's Compensation Act.

■ The State Industrial Accident Fund is a trust fund and must be administered in accordance with the provisions of the statute. The commission has no authority to pay out these funds except in accordance with the directions of the statute, and, since plaintiff was not employed by any person who was subject to the act at the time the accident happened, the commission would not have been warranted to award compensation for the injury complained of. Its refusal, therefore, to pay compensation to the plaintiff was justified and the action of the trial court in awarding compensation was not warranted.

The judgment of the lower court, therefore, is reversed with directions to dismiss the proceedings.

BELT, KELLY and CAMPBELL, JJ., concur.