Argued at Pendleton October 30; affirmed December 4, 1934

# HARDENBROOK *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

(38 P. (2d) 696)

*Victor R. Griggs,* Assistant Attorney General (I. H. Van Winkle, Attorney General, and Miles H. McKey, Assistant Attorney General, on the brief) for appellant.

*George R. Wilbur,* of Portland, for respondent.

BELT, J. The State Industrial Accident Commission appeals from an order and judgment of the circuit court directing it to compensate plaintiff under the provisions of the Workmen's Compensation Act for certain injuries sustained while loading boxes of apples on a truck. No evidence was taken in this case. The question whether plaintiff was entitled to compensation under the act was determined on a motion for judgment on the pleadings.

The facts in brief, as disclosed by the pleadings, are as follows:

Plaintiff was employed by the Western Motor Transportation Co., Inc., engaged in the trucking business between Portland and Hood River. The truck company entered into a contract to transport boxed apples from Hood River to Portland for the Apple Growers' Association, a corporation engaged in the business of processing, packing and marketing apples. When the apples were washed, graded, labeled, and packed, the boxes containing them were put on a power-driven conveyor and sent down from the plant proper to a level platform where they could be loaded on trucks. The operation of this electric conveyor is controlled by means of a switch and, at the time plaintiff was injured, was under the exclusive control of one Lambert, an employee of the truck company. While plaintiff was standing near the end of the truck loading the boxes, the truck suddenly and unexpectedly

backed and he was crushed between the pile of boxes which had been loaded on the truck and the line of oncoming boxes moved by the conveyor. Plaintiff's injuries resulted in the amputation of his right leg near the hip.

The Industrial Accident Commission rejected the claim of plaintiff for compensation for the reason that, at the time he was injured, his employer was not then and there engaged in an occupation or business designated as hazardous under the Workmen's Compensation Law and that his employer had not filed its election to contribute to the Industrial Accident fund as provided in the act.

It is conceded that the trucking business is not one of the hazardous occupations enumerated in the Workmen's Compensation Law (section 49-1815, Oregon Code 1930). It might well also be conceded in the light of *Middlebusher v. State Industrial Accident Commission,* 147 Or. 459 (34 P. (2d) 325), and of section 49-1813, Oregon Code 1930, that, unless the truck company, at time plaintiff was injured, was engaged in a hazardous business, as defined by statute, he is not entitled to compensation.

It is the contention, however, of plaintiff that, at time of his injury, his employer had departed from its general business of trucking, which is nonhazardous, and had assumed control and operation of power-driven machinery, thereby changing his employement to work of a hazardous nature as defined by statute. In other words, the plaintiff asserts that his employer, in undertaking to perform its contract with the Apple Growers' Association, had become engaged in a work designated by statute as hazardous in that it involved the operation of power-driven machinery. This electric

conveyor was a part of the plant or factory of the Apple Growers' Association and it is conceded that the apple company was engaged in a hazardous occupation.

■ Ordinarily, trucking does not involve the use of power-driven machinery. If the conveyor had been under the control of the Apple Growers' Association and plaintiff had been injured while engaged in loading the boxes after the same had been brought to the platform, he would not be entitled to compensation under the Workmen's Compensation Law, as he was not employed by the growers' association. However, when the truck company departed from its general line of business and so changed the character of plaintiff's employment as to subject him to dangers involved in the use of power-driven machinery under the control of a fellow employee, it can no longer be said that the business or work in which it was engaged was non-hazardous.

■ A factory "where power-driven machinery is used" is enumerated by statute as a hazardous occupation (section 49-1815, Oregon Code 1930). Under section 49-1817, Oregon Code 1930, the word "factories" means "undertakings in which the business of working at commodities is carried on with power-driven machinery, either in manufacture, repair or change, and shall include the premises, yard and plant of the concern". It is immaterial that the general business of plaintiff's employer was that of trucking. The vital question is: Was the plaintiff at the time of his injury carrying on work for an employer engaged in a hazardous business as defined by statute? *Raney v. State Industrial Accident Commission*, 85 Or. 199 (166 P. 523); *Farrin v. State Industrial Accident Commis-*

*sion,* 104 Or. 452 (205 P. 984) ; *Peterson v. State Industrial Accident Commission,* 140 Or. 326 (12 P. (2d) 564). In view of the fact that plaintiff's employer had assumed control of that part of the plant where power-driven machinery was used and his injury arose out of and in the course of his employement, we think plaintiff is entitled to compensation. *Middlebusher v. State Industrial Accident Commission,* supra, on which the appellant commission strongly relies, is not contrary to the cases above cited, for the basis of the Middlebusher decision is that, at the time plaintiff therein was injured, his employer was not engaged in a hazardous business or occupation. The mere fact that it would be difficult for the commission to compel such employers to contribute to the State Industrial Accident fund, of course, does not warrant a rejection of the claim for compensation. Such difficulty merely presents a question of administration of the law.

The attorney general has presented an able brief supporting the contention of the Industrial Accident Commission, but, after careful thought, we are convinced that a liberal construction of the Workmen's Compensation Law justifies an affirmance of the judgment of the circuit court awarding compensation to the plaintiff for the loss of his leg. It will be so ordered.

ROSSMAN and BAILEY, JJ., not sitting.