FRITZ *v.* CHRISTIAN REFORMED CITY MISSION BOARD.

1. WORKMEN'S COMPENSATION—WORKSHOP—QUESTION OF LAW.
    Whether or not defendant employer was operating a "workshop," within meaning of statute requiring employers operating such an institution to keep a register of employees under 18 years of age and to file a work permit *held,* question of law where facts as to nature of defendant's operations were undisputed (2 Comp. Laws 1929, § 8425).

2. SAME—WORKSHOP—FURNITURE REPAIR AND SALVAGE.
    Place wherein old furniture was repaired or salvaged *held,* workshop within meaning of statute requiring employers operating such an institution to keep a register of employees under 18 years of age and to file a work permit (2 Comp. Laws 1929, § 8425).

3. SAME—WORKSHOP—WORK PERMIT—MINOR UNDER 18—DOUBLE COMPENSATION.
    Minor, under 18 years of age, who was employed in workshop without a work permit having been obtained and placed on file in business office and who lost vision of one eye as result of injury sustained while so employed *held,* entitled to double compensation (2 Comp. Laws 1929, §§ 8413, 8425).

Appeal from Department of Labor and Industry. Submitted June 9, 1937. (Docket No. 42, Calendar No. 39,448.) Decided October 21, 1937.

Robert Fritz, a minor, presented his claim for compensation against Christian Reformed City Mission Board, employer, and American Employers Insurance Company, insurer, for personal injuries suffered in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Thomas G. Roach,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendants.

BUSHNELL, J.   This is an appeal from an award by the department of labor and industry which allowed plaintiff, a minor, under the age of 18, double compensation for the loss of vision of an eye, under the provisions of 2 Comp. Laws 1929, § 8413.   Section 8325 requires certain employers to secure and keep on file a permit issued by the proper school authorities whenever a child is employed under the age of 18, among those enumerated being anyone operating a "workshop."

Plaintiff, at the time of the accident, was 15 years of age and was being paid $6 a week for working at the West Fulton Street Gospel Mission, operated by the defendant in the city of Grand Rapids, Michigan. Among the various activities of the Mission was the repairing of old furniture and putting it in condition so that it might be sold at nominal prices or given away to indigent persons.   Plaintiff, Fritz, while tearing apart an old davenport, which could not be repaired but from which the wood was being taken, to be used either for kindling or in the repairing of other furniture, was struck in the eye by a flying staple and lost the vision of one eye.   Defendant concedes that Fritz is entitled to single compensation, but denies that the employment was illegal.   It argues that the record does not support the finding that the Mission was a "workshop."

The department found that plaintiff was employed in a workshop and that because defendant did not have a working permit for plaintiff, Fritz was illegally employed and, therefore, entitled to double compensation.   The facts as to the nature of the defendant's operations being undisputed, the

question of whether it was operating a "workshop" is one of law.

A workshop has been defined by statute in Oregon as any plant, yard, premises, room or place wherein power driven machinery is employed and manual labor is exercised by way of trade for gain or otherwise (Oregon Code 1930, § 49–1817). See *Hoffman v. Broadway Hazelwood*, 139 Ore. 519 (10 Pac. [2d] 349, 11 Pac. [2d] 814, 83 A. L. R. 1008). No definition, however, has been imposed by the legislature of this State.

A workshop has also been defined as "a shop where any manufacturing or handiwork is carried on." Webster's New International Dictionary (2d Ed.). The Century Dictionary (1913 Ed.), defines it as "a shop or building where a workman, mechanic or artificer, or a number. of such, carry on their work; a place where any work or handicraft is carried on." The common or ordinary meaning of the term has been said to be a building or a room where any work is carried on. 71 C. J. p. 1616.

Handiwork is defined by Webster as "work done by the hands; hence any work done personally— applied either to the labor or its result."

Defendant's superintendent testified that furniture was repaired on the premises and the report of compensable accident described the nature of the business being conducted as a "mission—industrial store."

We think the operation of defendant's enterprise falls within the language of 2 Comp. Laws 1929, § 8325 which reads in part:

"It shall be the duty of every mercantile institution, store, hotel, office, laundry,· manufacturing establishment, mine, bowling alley, workshop, quarry, telegraph or messenger service or any person

coming within the provisions of this act to keep a register in which will be recorded the name, birth-place, age and place of residence of every person employed under the age of eighteen years and it shall be unlawful for any such establishment or person to hire or employ or permit to be hired or employed or suffer to work, any child under the age of eighteen years without there is first provided and placed on file in the business office thereof a permit or certificate. Such permit or certificate shall be issued by the superintendent of schools of the school district in which such child resides, or the county commissioner of schools, or some one duly authorized by him in writing, any of whom shall have power to administer oaths in relation thereto.''

The permit required by section 8325, not having been obtained and placed on file, and plaintiff, a minor, having been injured while employed in defendant's workshop, the department's award of double compensation was in accordance with the statute, section 8413, and it is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, WIEST, BUTZEL, SHARPE, POTTER, and CHANDLER, JJ., concurred.