Argued January 11; reversed and remanded February 14, 1951

# JENNINGS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION OF OREGON

227 P. (2d) 829

*C. S. Emmons* argued the cause for appellant. With him on the brief were Osterman & Williams, of Salem, and Willis, Kyle & Emmons, of Albany.

*Ray H. Lafky,* Assistant Attorney General, of Salem, argued the cause for respondent. With him on the brief were George Neuner, Attorney General, T. Walter Gillard, Assistant Attorney General, and Roy K. Terry, Assistant Attorney General, all of Salem.

Before BRAND, Chief Justice, HAY, LUSK, LATOURETTE and WARNER, Justices.

LATOURETTE, J.

This is an appeal by plaintiff from a judgment entered against him after defendant's general demurrer to the complaint had been sustained and plaintiff had refused to further plead. The facts are as follows:

Plaintiff was employed by the owner and operator of a Ferris wheel, which, at the time in question, was being assembled preparatory to its actual operation. When plaintiff was injured, he was running the gasoline engine which turned the gypsy spool, which, in

turn, lifted parts of the Ferris wheel into place, and while he was thus employed, his arm was caught up and around the gypsy spool by a rope, severely injuring him. The employer had never notified the accident commission of engaging in a hazardous occupation, nor had he rejected the compensation law when the accident occurred. Plaintiff filed his claim for compensation with the accident commission, but the claim was refused.

Plaintiff's first assignment of error follows:

"The Court erred in sustaining the defendant-respondent's demurrer to the plaintiff-appellant's complaint and in entering judgment based upon said order dismissing the action. The demurrer was based on the ground that the complaint did not state facts sufficient to constitute a cause of action."

To determine whether or not plaintiff is entitled to recover compensation in this case, we must look to § 102-1725, O. C. L. A., which, in part, is as follows:

"If an employer is engaged in any of the occupations defined by this act as hazardous, the workmen employed by him in such occupations are deemed to be employed in a hazardous occupation but not otherwise. The hazardous occupations to which this act is applicable are as follows:

"(a) When power-driven machinery is used, the operation of printing, electrotyping, engraving, photoengraving, lithographing or stereotyping plants, laundries, irrigation works, grain warehouses, factories, mills or workshops; * * *";

and also to § 102-1702, O. C. L. A., a portion of which follows:

" 'Workshop' means any plant, yard, premises, room or place wherein power-driven machinery is employed and manual labor is exercised by way of

trade for gain or otherwise in or incidental to the process of making, altering, repairing, printing or ornamenting, finishing or adapting for sale or otherwise any article or part of any article, machine or thing, over which plant, yard, premises, room or place the employer of the person working therein has control.''

The bone of contention beween the parties is whether or not at the time and place in question plaintiff was working in a ''workshop'' within the meaning of the above definition.

■ From the complaint, it is gleaned that plaintiff, when the accident occurred, was working in a place over which his employer had control and where power-driven machinery was employed. Both the employer and the employee were engaged in a trade for gain or otherwise. Webster's dictionary defines ''trade'' as ''The business one practices or the work in which one engages regularly; one's calling; occupation; gainful employment; means of livelihood.''

■ The debatable question seems to be whether or not plaintiff was operating the gasoline engine in the ''process of adapting for sale or otherwise'' a Ferris wheel which he was attempting to set up. The accident commission in its brief defines ''adapt'' as meaning to '' 'change, adjust, alter, make fit, make suitable.' '' We agree that this is the usual conception of the word ''adapt.'' The operation in which plaintiff was injured involved the assembling of the ferris wheel by means of the engine then being operated by plaintiff. Unless the Ferris wheel was assembled into position by the means employed by plaintiff, there could have been no operation of the Ferris wheel in the business in which his employer was engaged. It, therefore, seems clear to the court that when plaintiff was operating the en-

gine for the purposes hereinbefore delineated, he was making the Ferris wheel fit and suitable for its operation in the furtherance of his employer's business.

The next query is whether or not the plaintiff was adapting or assembling the Ferris wheel "for sale or otherwise." Since there is no doubt that the employer was not having the Ferris wheel erected so it could be sold, we must look to the meaning of the word "otherwise." Since the term "sale" has a limited meaning, there is nothing else that might be deemed of a kindred or similar nature; therefore, the rule of *ejusdem generis* does not apply. *Fisher et al. v. City of Astoria,* 126 Or. 268, 269 P. 853. "Otherwise" is a broad and comprehensive word and has many and varied meanings. In *Kennedy v. New York Life Ins. Co.,* 178 Miss. 258, 172 So. 743, 745, we find the following:

> " 'Otherwise' is a compound word formed by adding the suffix 'wise' to the word 'other,' and the word 'wise' when used as an adverbial suffix denotes way, manner, respect,' Webster's New International Dictionary (2d Ed.); consequently, the word 'otherwise' means 'in a different manner; in another way; or in other ways; contrarily.' " See also 30 Words and Phrases, 497, et seq.

Construing the statute liberally, we believe that the legislature intended by the use of the words "for sale or otherwise," to mean that, all other elements being present, an employee who was in the process of adapting an article or thing on which he was working for sale or not for sale, or for any purpose, should be covered by the Workmen's Compensation Act.

So far as we are able to discover, only two cases in Oregon have discussed the matter of "workshop" in compensation cases, and they are *Eckhardt v. Jones'*

*Market,* 105 Or. 204, 209 P. 470, and *Hoffman v. Broadway Hazelwood,* 139 Or. 519, 10 P. (2d) 349, 11 P. (2d) 814. But see *McLean v. State Industrial Accident Commission,* 189 Or. 405, 221 P. (2d) 566, 573.

In the Eckhardt case, the plaintiff was employed in a meat market where power-driven machinery was used in making sausage. The greater part of plaintiff's duties was performed about and upon the sausage machinery and in the room where it was operated, the work in which plaintiff was engaged at the time of the accident being only occasional. When the accident occurred, plaintiff was not working in or about the machinery but was handling hams when a sharp bone projecting from one of the hams pierced his hand, causing blood poisoning. This court held that plaintiff was engaged in a hazardous occupation under the act. "Workshop" was not discussed, although it was mentioned in our opinion, but it is evident from reading the opinion that the court considered the place where plaintiff was working a "workshop."

In the Hoffman case, plaintiff slipped on a greasy floor while going about her duties baking "biscuits, graham gems and potatoes." There was a small electric silver polisher in the room where she was working and a machine used for the purpose of making sausage in the basement. Plaintiff in her work was never obliged to come in contact with the sausage machine. We said: "* * * In our opinion, this restaurant and confectionery business owned by defendant was not a 'workshop' within the meaning of the act nor was plaintiff engaged in a hazardous employment."

The distinguishing feature beween the two cases appears to be that in the Eckhardt case plaintiff's duties almost wholly brought him in contact with the

power-driven machinery, while in the Hoffman case, plaintiff's work never brought her in contact with the machinery.

The commission has cited a number of cases from other jurisdictions, but with two exceptions, they are not helpful in determining the matter before us, since "workshop" was not discussed. In the case of *Remsnider v. Union Savings & Trust Co.*, 89 Wash. 87, 154 P. 135, 137, the Supreme Court of Washington, without analyzing the definition of "workshop" (the definition of "workshop" being identical in Washington and Oregon), in a case where plaintiff, a janitor in an office building, while scrubbing down the walls and the floor of the elevator shaft beneath the cage, was crushed by the elevator descending into the shaft, said that although the elevator was operated by electricity, the shaft could not be considered a "workshop," and, therefore, the janitor did not come under the Workmen's Compensation Act. The court said:

"Though the respondent was injured in a place where power-driven machinery was employed, it cannot by the widest stretch of the meaning of the statute be termed a workshop. Though his regular employment was at times fraught with hazard, as are all employments, it was not one, which, to use the language of section 2 of the act, has 'come to be, and to be recognized as being inherently and constantly dangerous.' Neither was it connected with any of the occupations enumerated as extrahazardous in section 2, nor is it mentioned in any of the schedules in section 3 or in any of the classifications in section 4. * * *"

The above decision, in part at least, was premised on the language of § 2 of the Workmen's Compensation Act, which makes the act applicable if, among other

things, the employment was "inherently and constantly dangerous." We find no such language in the Oregon compensation law, and, the facts being different, the above decision is not authority in the present case.

In the case of *Gowey v. Seattle Lighting Co.*, 108 Wash. 479, 184 P. 339, a woman clerk was injured while operating a power-driven machine for making plates for printing bills in the general office of her employer. The court held that the office in which she was working was a "workshop." The facts in the Gowey case more nearly parallel the facts in the instant case in that both plaintiffs were injured by the machinery which they were operating.

The commission also cited the case of *Hardenbrook v. State Industrial Accident Commission*, 148 Or. 661, 38 P. (2d) 696. This case concerned a "factory" instead of a "workshop."

The judgment is reversed and the case remanded, with instructions to overrule the demurrer and for further proceedings.