Submitted on the Record and Stipulation April 17, reversed and remanded April 25, 1951

## ALBER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

230 P. 2d 548

*Osterman & Williams,* of Salem, and *Willis, Kyle & Emmons,* of Albany, for the appellant.

*George Neuner,* Attorney General, and *Ray H. Lafky, T. Walter Gillard,* and *Roy K. Terry,* Assistant Attorneys General, all of Salem, for the respondent.

PER CURIAM.

This is an action in which an injured workman seeks compensation under the provisions of the Workmen's Compensation Act. A demurrer to the complaint was sustained by the trial court and the action was dismissed with prejudice. The plaintiff perfected an appeal to this court and the parties now submit the cause for decision upon the basis of a stipulation which reads as follows:

"WHEREAS The jurisdictional transcript on appeal was filed in this Court on the 28th day of March, 1951, and the judgment roll is now on file herein and this appeal is therefore now pending in this Court, and

"WHEREAS No further records and/or appearances have been filed by either of the parties to this appeal, and

"WHEREAS By his appeal the plaintiff-appellant is presenting to the Court the identical question decided by this Court in the case of Grover L. Jennings v. State Industrial Accident Commission of Oregon. Vol. 52, p. 241, Advance Sheets, and

"WHEREAS This Court by its opinion in the above-mentioned cases of Jennings v. State Industrial Accident Commission of Oregon did reverse the order of the lower court and by its mandate did direct the lower Court to overrule the defendant-respondent's demurrer to a complaint setting forth the identical facts that are now before this Court in this appeal except as to nature and extent of injuries suffered by the plaintiff-appellant, and

"WHEREAS This case is in truth and fact a companion to the Jennings case and involves the same employer and the same piece of machinery used in the same manner at the same location, and

"WHEREAS Both of the parties realize that by the authority of the decision in the said Jennings v. State Industrial Accident Commission case this

appeal will also result in a mandate being entered directing the lower Court to reverse its order sustaining the defendant-respondent's demurrer to plaintiff-appellant's complaint.

"Now Therefore IT IS HEREBY STIPULATED and AGREED by and between the parties hereto as follows: That the Supreme Court of the State of Oregon is hereby requested to enter a decision in this appeal based on the record herein and on this stipulation that the facts herein are identical to the facts in Jennings v. State Industrial Accident Commission, Vol. 52, page 241, Oregon Advance Sheets, without the filing of any printed abstract and/or briefs by either party."

In the case of *Jennings v. State Industrial Accident Commission,* 190 Or. 557, 227 P. 2d 829, the trial court sustained a demurrer to the complaint, and, upon appeal, this court reversed the ensuing judgment for the defendant and remanded the cause with instructions to overrule the demurrer and for further proceedings.

In view of the stipulation of the parties, no good purpose would be served by requiring them to serve abstract and briefs, or to argue before this court the identical question which was decided in *Jennings v. State Industrial Accident Commission,* supra. The judgment in the pending case is reversed and the cause remanded with instructions to overrule the demurrer and for further proceedings.