SANDERSON et al. v. SAUSE BROS. OCEAN TOWING CO., Inc. et al.

Civ. No. 6202.

United States District Court
D. Oregon.

May 21, 1953.

9. Union Special Mach. Co. v. Maimin, C. C., 161 F. 748.

King, Miller, Anderson, Nash & Yerke, Portland, Ore. (Frank Nash, Portland, Ore., of counsel), for plaintiff.

Wilbur, Mautz, Souther & Spaulding, Portland, Ore. (Arno Denecke, Portland, Ore., of counsel), for defendants.

SOLOMON, District Judge.

This is an action brought by the widow of Charles R. Sanderson and the administrator of his estate to recover damages for his wrongful death. The action was brought against Sause Brothers Ocean Towing Co., Inc., a corporation, hereinafter referred to as the "corporation," and Henry Sause, Sr. and Curtis Sause, co-partners doing business as Henry Sause & Son, hereinafter referred to as the "partnership."

The pretrial order sets forth various alternative grounds for recovery against either the corporation or the partnership, depending upon whether or not the deceased was employed by the corporation or by the partnership and upon the nature of the work which the deceased was performing at the time of his death.

I have resolved the issues of fact set forth in paragraph 6 of the pretrial order as follows:

1. Was Charles R. Sanderson an employee of defendant corporation at the time of his death? *No.*

2. Was he a seaman at the time of his death? *No.*

3. Was he a member of the crew of any vessel at the time of his death? *No.*

4. Was he acting in the course of his employment at the time of his death? *Yes.*

5. Was the defendant corporation negligent in any of the respects claimed by plaintiffs? *Yes.*

6. Was the barge Puget Sound No. 77 unseaworthy at the time of Charles R. Sanderson's death? *Yes.*

7. Was defendant partnership (Henry Sause, Sr., and Curtis Sause) negligent in any of the respects claimed by plaintiffs? *Yes.*

8. Was Charles R. Sanderson an employee of defendant partnership at the time of his death? *Yes.*

9. Was any negligence on the part of defendant corporation or defendant partnership in any of the respects claimed a proximate cause of the death of Charles R. Sanderson? *Yes.*

10. Was defendant corporation an insured employer under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq.? *Yes.*

The pretrial order also sets forth a number of issues of law which I shall answer:

1. Is defendant corporation liable for damages for the death of Charles R. Sanderson? *Yes.*

2. Is defendant partnership liable for damages for the death of Charles R. Sanderson? *In view of the fact that I found that decedent was employed by the partner-*

*ship, he was subject to the benefits and protections of the Longshoremen's and Harbor Workers' Act, and an action may not be maintained against his employer for negligence.*

3. If defendant corporation is liable, is the liability based upon the Jones Act or the Oregon Employers' Liability Act? *No.*

4. If defendant partnership is liable, is the liability based upon the Oregon Employers' Liability Act? *No.* (See answer to Issue of Law 2.)

5. Was the death of Charles R. Sanderson under the circumstances a maritime or a non-maritime matter, and was it a matter of local concern or a matter affecting navigation and commerce? *It was a maritime matter affecting navigation and commerce.*

Under such issues of law, no issue was raised concerning the liability of the corporation other than on the basis of the Jones Act or the Oregon Employers' Liability Act, O.C.L.A. § 102–1601 et seq. In spite of that fact, I find that plaintiff, the Bank of California, is entitled to recover against the corporation on the basis of the Oregon Wrongful Death Statute, 8–903 O.C.L.A. as amended by Chapter 518, Oregon Laws, 1949.

### Comment.

■ Under the general maritime law, there was no right of recovery for wrongful death caused by negligence, Western Fuel Co. v. Garcia, 1921, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210. This void is filled for seamen by the Jones Act, 46 U.S.C.A. § 688, and it is filled by the Death on the High Seas Act, 46 U.S.C.A. § 761, for deaths caused by wrongful act, negligence or default occurring on the high seas.

■ The acts causing the decedent's death occurred on navigable waters within the territorial limits of the State of Oregon. Therefore, neither the general maritime law nor the Acts above mentioned afford his widow or his personal representative a remedy. The only remedy available therefore is under the state law held applicable under Article 3, § 2 of the Constitution and the Judiciary Act of 1789, which saves to suitors their "common law remedy where the common law is competent to give it." [1] Therefore, the only remedy available to the personal representative or widow of a person who was killed as the result of the wrongful act or negligence of one other than his employer on navigable waters within the territorial limits of the state is under the laws of such state.

■ In Oregon, there are two Acts, the Wrongful Death Statute, 8–903 O.C.L.A., as amended, and the Oregon Employers' Liability Act, 102–1601 et seq. O.C.L.A. Under the Wrongful Death Statute, an action may be maintained by the personal representative and recovery is limited to $15,000. The fellow servant, assumption of risk and contributory negligence defenses are generally available.

■ Under the Employers' Liability Act, the action may be maintained by the surviving widow. There is no limit to the amount of recovery. The fellow servant and assumption of risk defenses are not available to a defendant and contributory negligence will not bar a recovery but only mitigate damages. The Employers' Liability Act also requires of an employer within the meaning of the Act to use "every device, care and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

I have found that the corporation was negligent. The defendants neither alleged nor proved any of the common law defenses. Therefore, assuming both Acts are applicable, there could be a recovery under either.

■ It has long been established that the right of action for death to one other

---

1. 28 U.S.C.A. § 1333 now provides:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

than a member of the crew in maritime jurisdiction within the boundaries of the state depends upon the law of the state. Western Fuel Co. v. Garcia, supra. O'Brien v. Luckenbach Steamship Co., 2 Cir., 286 F. 301, and the limitations in state Acts modelled after the Lord Campbell's Act, which permit common law defenses such as the defense of contributory negligence, have been sustained. U. S. v. Waterman S. S. Corp., 5 Cir., 1951, 190 F.2d 499, 503. O'Brien v. Luckenbach Steamship Co., Inc., supra. Truelson v. Whitney & Bodden Shipping Co., 5 Cir., 1926, 10 F.2d 412, 413. Likewise the state statutes of limitation are applicable. Western Fuel Co. v. Garcia, supra.

■ The next and principal question is whether the Oregon Employers' Liability Act works a "material prejudice to the characteristic features of the general maritime law, or interfere(s) with the proper harmony and uniformity of that law in its international and interstate relations." Southern Pacific Co. v. Jensen, 1916, 244 U.S. 205, 216, 37 S.Ct. 524, 529, 61 L.Ed. 1086. The Oregon Employers' Liability Act requires all employers subject to its provisions to "use every device, care and precaution which it is practicable to use". This is a much higher degree of care than that which an employer would be obliged to exercise under the common law. Hoffman v. Broadway Hazelwood, 1932, 139 Or. 519, 524, 10 P.2d 349, 11 P.2d 814, 83 A.L.R. 1008. It is likewise a higher standard of care than that required under the general maritime law or under any maritime statute. The standard of an employer of seamen is "seaworthiness," which means a vessel and its equipment which are "reasonably safe and suitable." Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L. Ed. 1099. In none of the maritime statutes, such as the Jones Act, the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., or the Death on the High Seas Act, is there any standard other than that of reasonable care.

In Doucette v. Vincent, 1 Cir., 1951, 194 F.2d 834, 836, plaintiff-appellant contended that the trial court "erred in excluding certain evidence which he offered of the existence of a better and safer type of snatchblock suitable for use on the defendant's vessel". The Court of Appeals, in rejecting this contention, held "that evidence of the existence of better or safer machines or appliances is not admissible for the purpose of establishing the legal standard for conduct in negligence cases. * * * Thus the defendants' statutory duty under the Jones Act as owners of the R. W. Griffin, Jr. 'was not to supply the best tools, but only tools which were reasonably safe and suitable,' as the Supreme Court said in ruling in a Jones Act case that no reversible error was committed by the trial court in excluding testimony as to the best type of tool for the work in hand at the time the plaintiff was injured. Jacob v. New York City, 1942, 315 U.S. 752, 758, 62 S.Ct. 854, 86 L.Ed. 1166."

■ This is a much lower standard of care than is required under the Oregon Employers' Liability Act, Fromme v. Lang & Co., 131 Or. 501, 505, 281 P. 120. In my view, the application of the Oregon Employers' Liability Act with the higher standards required of it in connection with the use of machinery and equipment would destroy the uniformity of the maritime law and is therefore not applicable to a situation in which a workman is killed on navigable waters within the territorial limits of Oregon.