Submitted on briefs November 16, affirmed November 23, 1926.

## GEORGE MELCHER *v.* DE WITT CONNELL.

(250 Pac. 742.)

**Trial—In Action for Personal Injuries, Voluntary Statement by Plaintiff's Witness, Disclosing That Defendant had Insurance, Held not to Require Reversal.**

In action for personal injuries from automobile collision, that one of plaintiff's witnesses, in answer to a proper question, volunteered statement disclosing that defendant had insurance, *held* not to require reversal.

---

Appeal and Error, 4 C. J., p. 990, n. 25, p. 991, n. 33.

From Multnomah: GEORGE ROSSMAN, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief over the name of *Mr. E. L. McDougal.*

For respondent there was a brief over the name of *Messrs. Lewis, Lewis & Finnigan.*

RAND, J.—This action was instituted to recover the damage resulting to plaintiff from a collision between two automobiles, negligently caused by defendant, the one being driven by plaintiff, the other by defendant. Plaintiff had, judgment, and defendant appeals, contending that the following circumstance occurring at the trial entitles him to a reversal of the judgment.

Dr. Walker, who attended the plaintiff during his illness resulting from the collision, was called as a witness by plaintiff, and in response to a question propounded by plaintiff's attorney, testified as follows:

"Q. For how long a time did you treat him? A. Oh, off and on for, as I remember, two or three months that he was—he would keep coming into the office; but after a time he went to an oculist in the Journal building, on account of the condition of the eyelids, and I believe that the insurance company sent him there."

Whereupon the following proceedings were had:

"Mr. McDougal: Now, if the court please, at this time I desire to move the dismissal of the panel from a further consideration of this case. At the time we started out we cautioned Mr. Lewis to warn his witnesses, and he said he would; and this appears

to me to be a wilful injection of this matter in this case at this time. I ask that the jury be discharged from further consideration of this case. Mr. Lewis: I had no intention of this witness making any such a remark. Mr. McDougal: Let the record show I mentioned it to you. Mr. Lewis: I admit that. Mr. McDougal: You stated that you warned your witnesses. Mr. Lewis: Yes. Mr. McDougal: And you have not done it. Mr. Lewis: Well, this is one witness I have not warned, because I never thought he had any knowledge of that. The Court: In cases of this kind insurance plays no feature in the case. There is nothing indicating what insurance company, if any, was involved in this life insurance or accident insurance, or what not. The remarks of the witness will be stricken from the record, and the jury instructed to entirely disregard the remark made by the witness. Proceed. Mr. McDougal: Just for a moment, for the purpose of the record, I want to show how this— Mr. Lewis: Let the record show that there has been no wilful attempt on the part of the plaintiff— Mr. McDougal: That is a matter of conclusion. Mr. Lewis (Continuing): —to inject anything of this kind in the record. The Court: The statement made by the witness is stricken from the record, and the jury is instructed to entirely disregard it. Mr. McDougal: Your Honor knows that for practical purposes that means nothing. The Court: Well, proceed. Mr. McDougal: Just let us have an exception to the Court's ruling. The Court: You may have an exception."

The question propounded to the witness was a pertinent and proper one and did not call for any improper response by the witness. His reference to the insurance company, was not elicited by plaintiff's counsel, but was volunteered by the witness himself, without any fault or prearrangement of plaintiff. The court very promptly instructed the jury to disregard that part of the answer. The injuries sustained by the plaintiff were very substantial, the

verdict was not excessive, and we cannot find in the record, anything tending to show that the jury was improperly influenced, or in any way prejudiced by the unwarranted and unsolicited statement of the witness, or anything else occurring upon the trial sufficient to bring the case within the operation of the rule followed in the cases cited by defendant. Since the jury was instructed by the court to disregard the improper statement, the case more promptly falls within the rule announced and followed in *Jones* v. *Sinshimer,* 107 Or. 491, 495 (214 Pac. 375), and *Coblentz* v. *Jaloff,* 115 Or. 656, 664 (239 Pac. 825). For that reason, no other error being assigned, the judgment will be affirmed. AFFIRMED.