Argued at Pendleton October 28; affirmed December 30, 1930

## STONE ET AL. *v.* OLIVER
(294 P. 346)

*Sam E. Van Vactor,* of The Dalles, for respondent.

*Hall S. Lusk, of* Portland (Emmons, Lusk & Bynon, of Portland, on the brief) for appellants.

KELLY, J.  The complaint in this action alleges that the plaintiff received certain injuries in an automobile collision which plaintiff alleges was caused by the negligence of the defendants.

From a judgment in favor of plaintiff and against defendants Oliver and Shipley in the sum of $5,000, defendants appeal.

There is but one assignment of error based upon the court's denial of a motion made by the appellants to discharge the jury and declare a mistrial.  The pro-

ceedings with reference to that matter are fully set forth in the bill of exceptions from which we quote as follows:

"The following proceedings were had during the examination of the talesmen upon their voir dire:

"During the examination of the juror, H. C. Hurley, and while the jury were being questioned by counsel for the plaintiff, the following proceedings occurred:

"The said juror was being examined by Mr. Sam E. Van Vactor, the attorney for plaintiff, and during such examination Mr. Van Vactor asked juror Hurley if he represented as an insurance agent certain casualty companies. The juror answered 'yes', whereupon the court said:

"There is dangerous ground ahead of you but the responsibility is upon you and I am merely cautioning you.

"I am only asking about what line of business he is in.

"Thereupon, the court said:

"Yes, I know, but it is dangerous ground and you can't tell what his answers would be.

"Whereupon, through inadvertence, the attorney for the plaintiff propounded the following question to the juror:

"Do you represent this company (a pause)—the California Highway Indemnity?

"Whereupon, the attorney for the defendant immediately arose and said:

"I am compelled to move the court for a mistrial and that the jury be discharged on the ground that the plaintiff has improperly brought before the jury the fact that the defendants, Oliver and Shipley, are protected by casualty insurance.

"And the court saying:

"That is what I was afraid of.

"Whereupon, before the question could be answered by the talesman, and the same not being answered, the

court took a recess and called all counsel into chambers where a legal discussion was held concerning the motion.

"Upon the holding of the Oregon Supreme Court in the case of *Lidfors v. Pflaum,* 115 Or. 142, the court, being of the opinion that there was no bad faith upon the part of the attorney for plaintiff, denied the motion, to which ruling upon said motion an exception was duly taken by the defendant, which exception is hereby noted and allowed.

"Whereupon, at one-thirty P. M., court was reconvened, and the prospective talesmen being in their seats, and the remaining jurors on the panel, who were not in the jury box, being in the court room, and thereupon the court, on its own motion, discharged the talesman, Hurley, from further participation in the case and cautioned all the talesmen present, both those in the box and those in the court room, that they were to dismiss from their minds all thought of or reference to the incident which had happened in the questioning of the talesman, Hurley, and that they were not in any way to take into consideration any question as to whether there was or was not any indemnifying insurance carried by the defendants, or any of them, in this case.

"To all of these remarks of the court the defendants, Oliver and Shipley, thereupon took exception, and the exception was allowed.

"The questions propounded to the said juror, Hurley, by the attorney for the plaintiff, as well as the answers given by said juror and the remarks of the court, above quoted, during the asking of said questions, were all heard by all of the jurors who were accepted as such and sat in the trial of said cause."

In appellants' brief, we find the following statement:

"The attorney who asked the questions in this case is a gentleman of long experience and learned in the law. We fully exculpate him of intentionally running afoul of the 'Charybdis of pettifoggery'."

During his oral argument of this case, the distinguished gentleman, who represented appellants, said:

"I want to say now, as I stated in my brief, that I do not charge Mr. Van Vactor with bad faith in this case. I do not think that he had any evil motives or bad intentions. I am sure he did not. I think he is incapable of it."

A careful consideration of the record herein convinces us that this statement by the attorney for the appellants is fully justified. The matter of granting a motion to direct a mistrial, because evidence that the defendant is protected by indemnity insurance has gotten to the jury, depends upon whether bad faith and practice is shown on the part of the attorney for plaintiff in thus apprising the jury of that fact: *Fletcher v. Saunders,* 132 Or. 67 (284 P. 276); *Wells v. Morrison et al.,* 121 Or. 604, 606 (256 P. 641); *Lidfors v. Pflaum,* 115 Or. 142 (205 P. 277, 236 P. 1059); *Coblentz v. Jaloff,* 115 Or. 656, 664 (239 P. 825). No such bad faith appearing in this case, we hold that no error was committed by the learned trial judge in refusing to direct a mistrial.

Judgment affirmed.

Coshow, C. J., Bean and Rand, JJ., concur.