Argued April 15; affirmed June 2; rehearing denied
July 8, 1931.

# WILLHITE *v.* FREED
(299 P. 691)

[1]

*Elmer Johnson,* of Portland, for appellant.
*Bert W. Henry,* of Portland, for respondent.

KELLY, J. Errors are assigned because of the courts refusal to strike out plaintiff's testimony to

the effect that immediately after the collision a by-stander stated to defendant in plaintiff's presence that plaintiff had the right of way; because of the court's refusal to grant an involuntary non-suit; because the court denied defendant's motion to dismiss the jury and call a new panel on account of alleged improper argument by plaintiff's counsel; because of the court's refusal to give a certain instruction requested by defendant and hereinafter set out; because of the giving by the court of an instruction hereinafter quoted; and because of the refusal of the court to grant a new trial.

■ The plaintiff testified that he was thrown out of the automobile by the impact, that after he regained his feet he walked back and was standing a short distance from the curb. Then these questions were asked and answers given:

"Q. Was anybody there besides you and Mrs. Freed?

"A. Yes, some other gentleman.

\* \* \* \* \*

"Q. \* \* \* Now, then, was there anything said by Mrs. Freed or this other gentleman there at the scene of the accident before they took you away?

"A. Yes, sir.

\* \* \* \* \*

"Q. Well, now, let us get this thing clear. Was there any talk there between this stranger and Mrs. Freed just after this accident? You can answer that by yes or no.

"A. Yes, sir.

"Q. Did you hear it?

"A. Yes, sir.

"Q. And this other gentleman heard it?

"A. Yes, sir.

"Q. Now what was said at that time?

\* \* \* \* \*

"A. She wanted to know why I didn't stop and I told her because I had the right of way and I was feeling pretty badly and the fellow said 'never mind about the accident, you had better take' me to the hospital.

"Q. Who was it said that you had the right of way?

"A. This gentleman.

*　　*　　*　　*　　*

"Q. Leland, when this stranger said 'The boy had the right of way and he is feeling badly and you had better get him to the hospital', what did she say?

"A. She said 'I am not dressed fit'.

"Q. Did she say anything about who had the right of way?

"A. No, she didn't."

(That no suggestion of indifference on defendant's part to plaintiff's misfortune may appear, it should be noted that the defendant was on her way to a private swimming pool and was attired in a coolie coat worn over her bathing costume, with her feet encased in rubber shoes; and further that despite reluctance because of this attire defendant immediately took plaintiff in her car to the hospital).

Seasonably, by appropriate objection supplemented by timely motions to strike, defendant made a record rendering it necessary for this court to determine whether, in permitting the foregoing testimony to be given, the trial court committed error.

Defendant testified that she could not remember what the gentleman referred to said to her if anything about who had the right of way; that she requested him to help plaintiff into her car, which he did; that at her request he rode with them to the hospital; that on that journey his attitude and conversation were of-

fensive to her. She also testified that, still being reluctant to appear in the garb in which she was attired, she requested him to assist plaintiff into the hospital, which he declined to do; and then that she took plaintiff into the hospital with his help. No error was committed in submitting plaintiff's testimony as to the alleged statement of this bystander to the jury.

■ The motions for non-suit and for a directed verdict are based upon the alleged absence of proof that defendant was negligent or that defendant's negligence if any was the proximate cause of the collision. Plaintiff testified that after he approached the intersection he observed defendant's car coming at a speed of twenty-five miles an hour. It is conceded that plaintiff was on the right of defendant. Plaintiff testified that he was driving at approximately fifteen miles an hour. The testimony of the mechanic who repaired plaintiff's car tended to corroborate plaintiff's version of the collision. No error was committed by the court in submitting the case to the jury. The placing on the map of a cross at the alleged place of contact and the letters A and B indicating the alleged location of plaintiff and defendant when plaintiff first saw defendant's car was a matter for the jury to consider and not an unqualified assertion of any exact distance.

■ The owner of the car driven by plaintiff testified that he was insured. This was volunteered by the witness on cross-examination by defendant. In the argument of plaintiff's attorney when closing, reference was made to this witness's apparent lack of interest in the case and it was contended that defendant herself was not particularly interested. Defendant urges that this phase of the argument constituted an intentional representation by the attorney that defendant

was insured; and, hence, defendant's motion to dismiss the jury should have been granted. The record is not sufficient to justify this court in so holding.

■ Defendant's requested instruction number four is as follows: "The fact that the plaintiff approached said intersection on defendant's right would not necessarily give the plaintiff the right of way at the intersection."

The refusal of the court to give this instruction is assigned as error. This requested instruction is incomplete. It should have been supplemented by a statement of those circumstances, if any, supported by some testimony rendering inapplicable the statutory right of precedence given to the traveler approaching from the right. No error was committed in refusing to give it.

■ Defendant assigns error in the giving of the following instruction:

"Of two automobiles simultaneously approaching a given point in a street intersection, the one approaching from the right has the right of way regardless of which automobile first entered the intersection. By 'simultaneously approaching' is meant approaching at such speeds and from such distances that they will reach the same spot at the same time.

"If you find, therefore, that the automobiles of plaintiff and defendant were simultaneously approaching the point where they later collided, you are instructed that defendant was guilty of negligence and that if such negligence contributed to and helped to cause the accident, and the plaintiff himself was without fault, then in that event your verdict must be for plaintiff."

It is argued that this instruction "took from the jury the following important issues bearing directly upon the main issues of her negligence:

"(1) Whether defendant had gone beyond the center line of the street she was crossing before the collision.

"(2) Whether a prudent person in defendant's position would have considered it safe to enter the intersection as she did.

"(3) Whether the plaintiff brought his car nearly to a stop just before he entered the intersection, and so indicated that he did not take the right of way."

As to the first, it is obvious that if the collision occurred before the defendant had gone beyond the center line of the street plaintiff was not without fault, and hence the instruction is not vulnerable in that respect.

As to the second, the statute giving precedence to the traveler approaching from the right supplants the rule that the right of precedence is to be determined by the conduct of a reasonably prudent person. In the absence of fault or negligence on the part of the one on the right, the other cannot avoid liability for a collision between them on the ground that a prudent person would have attempted to traverse the intersection in that way.

As to the third, there is absolutely no testimony whatever that defendant acted upon the assumption that plaintiff would not take the right of way.

Finding no error in the record this case is affirmed.

BEAN, C. J., and RAND, J., concur.

ROSSMAN, J., dissents.