Argued July 10; affirmed July 23, 1935

RUNDLETT *v.* DIRECTOR ET AL.

(47 P. (2d) 848)

L. A. *Recken,* of Portland, and *Custer E. Ross,* of Salem (Senn & Recken, of Portland, on the brief), for appellants.

*Allan G. Carson* and *John H. Carson,* both of Salem, for respondent.

KELLY, J. At the time involved herein, defendants conducted and operated a general department store and the business connected therewith at 186 North Commercial street in the city of Salem.

On the 15th day of September, 1930, plaintiff entered and walked about said store for the purpose of transacting business with defendants, whereupon plaintiff fell to the floor and suffered the injuries herein. Plaintiff claimed that the floor was oily and that a nail protruded therefrom upon which the heel of plaintiff's shoe caught thus causing her to fall.

Three questions are presented: First, it is urged that plaintiff's counsel attempted to inject into the case the question of casualty insurance and the fact that defendants were protected by casualty insurance. Second, it is argued that there is absolutely no testimony whatever to the effect that defendants, or either

of them, had any knowledge or notice that the floor was oily or that the nail projected above the floor. And, third, it is contended that error was committed by the court in its instructions to the jury when reference was made to something which the court had said to the entire panel of jurors at the opening of the term.

The first of these three questions is presented by the first, second, third, fourth, sixth and seventh assignments of error.

■ The first assignment of error is based upon the action of the trial court in permitting plaintiff to testify, in answer to the question, whether a representative of defendants came to see her within a week after the accident, that a Mr. Shimmin came to see her.

The second assignment challenges the propriety of the court permitting the sister of plaintiff to answer the question whether a man named Shimmin came to the sister's home, where plaintiff was staying, and asked plaintiff to try to get up and told her that she should get up. Her answer was to the effect that a man came there but witness did not know his name. This assignment also discloses that plaintiff's attorney then asked said witness whether or not this man told plaintiff that she could get up and asked her to try and get up.

Plaintiff's counsel said:

"It will be connected up, to show this man represented the defendants and that the defendants sent this man out there to have her make tests and tell her she could do certain things. I think it is admissible."

To this the court stated:

"The question is whether it can be connected. The proper way would be to prove the agency, something of that kind first. If there was a failure of proof on

the matter of agency the matter wouldn't be before the jury. Any representation from a stranger made to the plaintiff not in the presence of the defendants would not be binding on defendants, unless agency was shown.''

The third assignment urges that error was committed by permitting plaintiff's sister to testify that about ten days or a couple of weeks after the accident, witness returned to the store at the request of a party whom she did not know and who came out to her house.

The fourth assignment alleges error in permitting plaintiff to call one of the attorneys for defendants and interrogate him as to whether Mr. Shimmin represented defendants by means of which interrogation it was elicited from defendants' attorney that Mr. Shimmin did not represent defendants.

The sixth assignment of error is based upon questions propounded to Mr. Simon Director, one of the defendants herein, as to whether said defendant had repeated all of a conversation between him and the husband of plaintiff when plaintiff's husband informed Mr. Director of plaintiff's injury and whether said defendant had the help of any one else in investigating the circumstances of plaintiff's fall. It is also based upon the request of plaintiff's attorney that the matter of the admissibility of testimony on this phase of the case be heard in chambers out of the presence and hearing of the jury.

The seventh assignment imputes error upon the part of the court in not granting a motion that the jury be discharged from further consideration of the case because of the alleged misconduct of counsel for plaintiff in bringing before the jury the question of insurance by asking the witness, Simon Director, if it was

not a fact that a representative of defendants called upon plaintiff, also by bringing into the case the name of Robert Shimmin and asking Mr. Director if he had not communicated with certain parties or some certain party regarding the accident; also whether he had made a report or whether he had signed any statements.

At the conclusion of plaintiff's testimony in chief, defendants moved that all testimony offered with relation to Mr. Shimmin, that sought to be elicited on direct examination from plaintiff, plaintiff's sister or the attorney for defendants, be stricken and the jury instructed to disregard it. This motion was sustained and the jury so instructed.

We are of the opinion that the attorneys for plaintiff did not wilfully attempt to elicit the fact that defendants were protected by insurance. It is true that they made an ineffectual attempt to prove that Mr. Shimmin represented defendants. When they failed in this attempt, the court struck the testimony from the record and instructed the jury to disregard it.

■ We find no impropriety in hearing counsel in chambers upon the admissibility of testimony sought to be elicited, if, as in this case, both parties are present or represented.

■ The questions propounded to defendant, Simon Director, did not encroach upon the rule that a wilful attempt to show that defendant is protected by casualty insurance should not be tolerated.

■ As stated, the second question to be determined, is whether there is any evidence of notice or knowledge on defendants' part that the floor was unduly oily or that a nail projected from it.

Defendants introduced evidence to the effect that from time to time the floor was oiled. Plaintiff's testimony, that of her sister and of Mr. Gahlsdorf, disclosed

that after plaintiff's fall there was an excessive quantity of oil upon her hands and clothing. This presented a question of fact whether in the exercise of ordinary care defendants should have known of the presence of this oil upon the floor.

There is evidence that defendants had occupied the store for the purposes of their business and, in connection therewith, had used the floor for ten years; that it was a fir floor and worn in places. There is also evidence from which the jury could reasonably infer that, almost daily, approximately a hundred people walked in the aisle where plaintiff fell, and sometimes several hundred, especially on Saturday; that defendants saw the heads of nails on the surface of the floor and that these nail heads were shiny. Whether this would serve to advise an ordinary prudent person of the presence of such nails projecting sufficiently to catch the heel of a patron's shoe as she was caused to slip or slide upon the oily surface of the floor is a question of fact.

No error was committed by submitting this cause to the jury.

■■ The third question is presented by the exception which defendants saved to the following instruction given by the court:

"You will remember my instructions to you before when I called your attention to cases of this kind, where the plaintiff makes certain allegation against the defendant, that is a case where plaintiff must establish one or more of the allegations in the complaint by a preponderance of evidence; and in this case defendant has set up a further and separate answer and defense and alleged negligence on the part of plaintiff, and to establish those acts of negligence alleged against plaintiff the defendant must prove one or more of those allega-

tions by a preponderance of evidence; in other words, where plaintiff or defendant make an allegation they must establish that allegation by a preponderance of the evidence.''

\* \* \* \* \*

''You will recall that I instructed you before that you are required in all these cases to submit to the direction of the court as to the law of the case. It is not for you jurors to say the rules of law should be one thing or the other, because it is the express power and province of this court to declare what the law is and the jury must follow my directions as to the law of the case.''

After giving the first of the above quoted instructions the learned trial judge defined negligence and then said:

''In order for plaintiff to prevail in this case plaintiff must prove one or more of her allegations of the complaint by a preponderance of the evidence, not only prove the act of negligence, but must prove that that negligence was the proximate cause of the injury of which plaintiff complains.''

A definition of proximate cause was then given by the court and immediately following that the second of the two above quoted instructions, to which exception was taken, was given by the court.

That exception was requested in the following language:

''Defendants take exception to the court instructing the jury in another set of instructions wherein he stated in these instructions 'which you have heretofore received,' being the school conducted by the court at the beginning of the term, for the reason that neither defendants nor defendants' attorneys were present and do not know what instructions were given, and do not know whether they were erroneous or proper, and it refers to a proceeding had outside of the trial of this cause.''

From the foregoing language of defendants' attorney, it is obvious that no exception was taken to the rules of law which were announced in the instructions under consideration, nor to the manner in which they were stated; but only to the reference to instructions given before.

It·is very plain that the rules of law which the learned and experienced trial judge asked the jury to remember were, first, that in order for the party holding the affirmative of an issue to prevail, such party must establish the truth of the affirmative allegation by a preponderance of the evidence; and, second, that the jury are bound by the declaration of the law as made by the court.

The record indicates that at the 'opening of the term the trial judge addressed the jury panel upon the general duties of juries. If it is thought best thus to address the panel generally, care should be used to avoid suggestions or statements likely to influence their decision when called upon later to sit in a given case: *State v. Miller,* 90 Kan. 230 (133 P. 878, Ann Cas. 1910B, 818, and note p. 824); *Attaway v. State,* 41 Tex. Crim. 395 (55 S. W. 45); *Wilson v. State,* 54 Okla. Crim. 129 (15 P. (2d) 1043); *Young v. State,* 41 Okla. Crim. 226 (271 P. 426). The question presented is whether prejudice to the appellant results from the remarks of the judge in such an address: *Karr v. State,* 54 Okla Crim. 231 (17 P. (2d) 992); *Holt v. State,* 51 S. W. 907; *Hill v. State,* 55 Tex Crim. 407 (117 S. W. 823); *Chapman v. State,* 42 Tex. Crim. 135 (57 S. W. 965; *Pate v. State,* 15 Okla. Crim. 90 (175 P. 122); *Wilson v. State,* supra; *Young v. State,* supra.

We must presume that no statements were there made in anywise prejudicial to the interests of any

litigant. We are not afforded any report of the address mentioned, except the reference in the instructions of the court to the statement of the two rules above set forth. Error is not to be presumed: *Holt v. State,* supra. None is shown by this record.

The judgment of the circuit court is affirmed.

Mr. Justice RAND did not participate in this opinion.