Argued December 5, affirmed December 29, 1961

## SHERRICK *v.* LANDSTROM

367 P. 2d 432

*David P. Templeton,* Portland, argued the cause for appellant. With him on the briefs were Dusenbery, Martin, Beatty & Parks, Portland.

*George L. Hibbard,* Oregon City, argued the cause for respondent. On the brief were Hibbard, Jacobs, Caldwell & Kincart, Oregon City.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

PER CURIAM.

The defendant appeals from a judgment for the plaintiff in an action for damages arising out of an automobile accident. The only question in this appeal is whether the plaintiff's attorney improperly injected the matter of liability insurance into the case.

The appellant's brief does not contain an assignment of error. It merely sets out certain matters designated as propositions of law. Rule 19 of the Rules of Procedure of the Oregon Supreme Court (see 222 Or [15] reads as follows:

> "Each assignment of error shall be clearly and succinctly stated under separate and appropriate headings. Where several assignments of error present essentially the same legal question, they shall be combined so far as practicable.
>
> "The arrangement and wording, so far as applicable, together with reference to page of the transcript or narrative statement, shall conform to illustrations in Appendix B."

Since the appellant in his brief has not assigned error to any ruling by the trial court, the appeal is subject to dismissal without further consideration. However, in spite of appellant's failure to comply with our rules, we have carefully examined the record. The matter of liability insurance is irrelevant and ordinarily is prejudicial. Intentional or sometimes careless conduct which diverts the jury's attention to the matter of insurance usually will justify an order of mistrial. *Guthrie v. Muller,* 213 Or 436, 325 P2d 883; *Leishman v. Taylor,* 199 Or 546, 263 P2d

605. Nevertheless, we are satisfied that there was no reversible error in this case. There was no misconduct on the part of plaintiff's counsel when, during the cross-examination of a defense witness, the witness made reference to a written statement given to an insurance adjuster.

Affirmed.