John J. Ryan, J.
On cross-examination the plaintiff’s witness Darcy, who had been a passenger in his automobile, stated that he had given a statement to someone about the automobile *587 accident and had received from that person $2,000 in settlement of his own case. On redirect plaintiff’s counsel asked him: “ Was he a representative of Mr. Sanky? ” (the defendant), and the witness answered: “He was from the insurance company.” Defendants’ attorney moved for a mistrial at once and the court reserved decision on the motion.
That was the one and only time the word “ insurance ” was mentioned by any witness and the court is convinced that its mention was a pure inadvertence. The question asked called for a simple “ Yes ” or “ No ” response and the answer that was given was an entirely gratuitous one on the part of the witness.
The surrounding testimony and circumstances indicated clearly to the court that there was no deliberate attempt made here to divert the minds of the jurymen to the idea of liability insurance and the court is of the opinion that no prejudice resulted to the defendants from this incident. By way of assuring itself that the jury’s deliberations would not be affected by the answer, the court followed the procedure which wTas employed by the trial court in the case of Weisgerber v. Ancona, which was approved by the unanimous opinion of the Court of Appeals in 284 N. Y. 665. That consisted in a polling of the jury by the trial court on the following question: “ Would the fact that insurance was mentioned have any effect or influence upon your determination of this case or the verdict you will render herein? ” The foreman and each juror ansAvered that it would not and the court thereupon denied the motion for a mistrial.
The first Court of Appeals precedent for granting a mistrial because of reference to liability insurance made by a witness was handed down over a half century ago when very few people were covered by such insurance. We have come a long way since then, hoAvever. With the advent of the motorcar, liability insurance became more and more a part of our lives, until in 1956 insurance company statistics reported that 95% of all automobiles registered in the State of Nbav York Avere covered by liability insurance and then in that year our State Legislature passed what is known as the Compulsory Insurance LaAV, A\rhich provides that every application for the registration of a motor vehicle in the State of New York must be accompanied by proof of financial responsibility, that is, by liability insurance.
To contend at this time in the development of our automobile-centered society, that any group of adult citizens in a city like New York which registers over 1,600,000 motor vehicles every year and which has nearly 2% million licensed drivers Avould *588 be unaware of these facts, would be to charge our jurors with a degree of ignorance so abysmal as to be a condemnation of our jury system. In addition to this, each of the jurors in this case was exposed in the jury room to the usual questions allowed by CPLR 4110, to wit: “ Are any of you shareholders, stockholders, directors, officers or employees or in any manner interested in any company issuing policies for protection against liability for damages or injuries to person or property? ”
In view of all of this it would seem preposterous to decree a mistrial in an automobile accident case involving a motor vehicle registered in this State for one inadvertent reference to insurance in the course of a trial.
A mistrial is an abortion in the law which causes a great deal of hardship and inconvenience to litigants, witnesses, jurors, attorneys and court personnel. It should not be decreed except to prevent a substantial possibility of injustice.
It is not intended by this decision that the rule against mention of liability insurance be diminished in any degree in cases such as those involving commercial transactions or in tort cases other than automobile accident eases, but in a case such as this involving an automobile validly registered in the State of New York for two years after the effective date of compulsory insurance and wherein there was no deliberate, pointed or repeated reference to liability insurance, the isolated reference to insurance did not justify the extreme sanction of a mistrial. Under the circumstances under which we live today, an arbitrary rule mandating a mistrial in every case in which insurance is mentioned is an anachronism. At the very least the trial court should have the discretion to decide whether in view of all of the circumstances in any given case the defendant has been prejudiced by mention of the word “ insurance.”
For these reasons the motion for a mistrial is denied.