**CORTESIA CADILLAC, a corporation, Appellant,**

v.

**WILLARD A. SELLE, INC. and George McGuire, Sr., Appellees.**

**No. 6027.**

Court of Civil Appeals of Texas.

El Paso.

June 4, 1969.

Rehearing Denied July 9, 1969.

Herbert E. Marsh, Jr., Dudley & Anderson, El Paso, for appellant.

Niland & Niland and Herbert Cooper, El Paso, for appellees.

OPINION

FRASER, Chief Justice.

As stated in the appellant's brief, this is an action brought by plaintiff-appellees against defendant-appellant, alleging that defendant was negligent in leaving plaintiffs' vehicle in a car lot with the keys in it, thereby permitting it to be stolen. Defendant contends that the vehicle was left out at the request of the plaintiffs upon their statement that they would return for it after repairs had been effected. The jury returned its verdict awarding plaintiffs $245.00 for adjusted value of the vehicle, and $100.00 for loss of use of the vehicle, the total verdict thereby being $345.-00.

Appellant presents three points of error alleging that there was insufficient evidence, or no evidence, regarding the market value of plaintiffs' vehicle, and that therefore the trial court was in error in overruling defendant's motion for directed verdict. The third point alleges that the matter of insurance was wrongfully injected into the case and caused the rendition of an improper verdict.

We have examined the record and the points of error, and in our opinion this judgment must be affirmed. A Mr. Teasley testified that he was a used car salesman with years of experience and estimated the value of the truck in question at

$1,000.00. He based his estimate on the basis of an average, for an average truck of this type. He admitted that he had not seen the vehicle and there could be some variance as to its condition, and that at the time of the theft he felt it probably hadn't been damaged, because it had just come out of the body shop of defendant. We feel that his testimony is substantiated and corroborated by that of Mr. George McGuire, who had been using the truck and who had delivered it to defendant.

Mr. McGuire testified that he worked with Willard Selle, Inc. and that his job required that he make use of a pickup truck for the purpose of carrying insulation material. He testified that the truck in question that he owned was a 1962 Chevrolet Fleetside one-half ton pickup, and that it had a radio and a heater. He further testified that, at the time in question, the truck was in good shape but needed some minor repairs, such as wheel adjusting, etc., but that it was driveable according to a Mr. Herrera, head of the body shop of the defendant company.

Therefore, we have the testimony of Mr. Teasley, an apparent expert in used cars, and that of the owner himself that the truck was in good condition, and it must be remembered that Mr. Teasley said a truck of this nature would be worth $1,000.00. Mr. McGuire was not permitted to testify as to the value of the truck, but did testify that it was in good condition and that he kept it in good condition all of the time and that he had left it at the garage to be repaired, his statement being as follows: "To fix the odds and ends that had to be repaired, like the generator, the radiator overflowed, the radio wasn't playing, the heater wasn't connected, and a little bit out of line, and I believe that's it." His testimony, coupled with that of Mr. Teasley, we think is sufficient to justify the jury's finding that the value of the car was $1,-000.00. Therefore appellant's first two points are overruled.

Appellant's third point refers to the injection of insurance into the testimony. Appellant sets this matter out by paraphrasing what happened, as follows:

"Line of questioning: When Plaintiff arrived at Courtesia to find his truck missing, did not Herrera and Myers tell him that they had done exactly what he had asked them to do:

"Reply by Plaintiff McGuire: I was taken to main office where (Myers) told me, 'Don't worry Mr. McGuire, we got good insurance.' "

We do not think that this inadvertent and casual mention of insurance was serious enough to warrant the court in granting appellant's motion for mistrial, and we therefore hold that the trial court was correct in overruling such motion. It is not inevitable that the mere mention of insurance automatically becomes a ground for reversal. It must be severe enough and sufficient to have probably caused the jury to render an improper verdict. We do not think that condition exists here. This point is accordingly overruled.

Appellant's three points having been overruled, the judgment of the trial court is accordingly affirmed.