Argued October 26, 1971, affirmed March 1, petition for
rehearing denied March 31, 1972

GARBER, *Appellant, v.* MARTIN ET UX,
*Respondents.*

494 P2d 858

*Roger L. Dick,* The Dalles, argued the cause for
appellant. On the briefs were Dick & Dick, The Dalles.

*Walter J. Cosgrave,* Portland, argued the cause for
respondents. On the brief were Maguire, Kester &
Cosgrave, Portland.

Howell, J., did not participate in this decision.

DENECKE, J.

The plaintiff recovered a verdict in his personal injury action. The trial court granted defendants' motion for new trial. Plaintiff appeals.

One of the grounds for new trial was the injection of insurance on cross-examination by a witness called by defendants. The trial court, when granting the new trial, stated that when the four grounds urged to be the basis for the motion for new trial were considered together, "and particularly the injection of insurance into the case, even though involuntarily done, it is my opinion that defendants did not get a fair trial * * *."

When the fact that the defendant is insured has been unintentionally injected into the case we have held that whether or not to grant a mistrial is within the discretion of the trial court.

> "* * * Judicial discretion in such a situation properly balances whatever prejudice might have occurred against all the other relevant factors present in a particular case. The judge must weigh against an inference that prejudice actually resulted any countering influences that arise from his own special knowledge of the conditions in his courtroom. The record discloses no reason to believe that the judge failed to exercise his discretion judiciously in this case. A mistrial could have been granted, but its denial was not an abuse of discretion." *Johnson v. Hansen,* 237 Or 1, 6, 389 P2d 330, 390 P2d 611 (1964).

> "* * * If insurance is not relevant, but has come into the case through inadvertence, whether or not to grant a mistrial is in the discretion of the trial court. *Denton v. Arnstein,* 197 Or 28, 54-56, 250 P2d 407 (1952). This discretion is largely uncontrolled by this court. We permit the trial court

to decide whether or not prejudice has been created. *Wells v. Morrison,* 121 Or 604, 256 P 641 (1927)." *Blake v. Webster Orchards,* 249 Or 348, 354-355, 437 P2d 757 (1968).

The dissenting Justices in *DeSpain v. Bohlke,* 259 Or 320, 329, 486 P2d 545 (1971), would go further:

"The unnecessary injection of insurance, be it intentional or inadvertent, is prejudicial and ground for a mistrial unless the court can point to some special circumstance negating the likelihood of prejudice." 259 Or at 331.

In the instant case it is not necessary to take the step urged by the dissenters. The trial court found the unintentional injection of insurance was prejudicial and deprived the defendant of a fair trial and it, therefore, should have granted a mistrial. Such a finding and ruling were within its discretion.

Affirmed.

TONGUE, J., dissenting.

As stated by the majority, the trial judge granted defendant's motion for new trial because he was of the opinion that defendants did not get a fair trial because of the "cumulative effect" of the four grounds urged as a basis for that motion "and particularly the injection of insurance into the case, even though involuntarily done."[1]

The majority would, for the first time in Oregon, affirm the granting of a new trial in a personal injury case upon the ground that the inadvertent

---

[1] Although not expressly so stated, it would appear to be obvious from both the majority opinion and the opinion of the trial judge that the remaining three grounds for the motion for new trial would not have been sufficient, either separately or as a whole, as a proper basis for an order granting a new trial. An examination of the record confirms that conclusion.

mention of insurance by a witness, although in response to a proper question, is of itself a sufficient ground for the granting of a new trial. The reason given by the majority for reaching such an unprecedented result is that the granting of a new trial in such a case is a matter within the "largely uncontrolled" discretion of the trial judge, quoting from *Blake v. Webster Orchards,* 249 Or 348, 354-55, 437 P2d 757 (1968). The majority would reach this result despite the fact that defendant's counsel made no objection, motion to strike or motion for mistrial at the time of the mention of insurance by the witness, but waited until the end of his testimony and until the next recess before making a motion for mistrial, which was then denied.

I most respectfully dissent from the opinion by the majority because I believe that *Blake* is not controlling under the facts of this case and also because I believe that the result of the majority opinion is both unsound and unrealistic and is also contrary to both the clear weight of authority by other courts and the previous practice in Oregon.

1. *Any error resulting from the inadvertent mention of insurance was waived by defendant's failure to promptly object and move for a mistrial.*

This is an action for personal injuries suffered by the driver of a truck as the result of what was claimed to be a defective steering mechanism. Defendant's expert witness, upon cross-examination by plaintiff's counsel, was asked whether he had seen the "remaining portion of the steering mechanism." In answer to that question defendant's witness stated:

"Yes, I think we did. The General Adjustment

Bureau Insurance man took me up * * * to where the vehicle was * * *."

No motion was made at that time by defendant's counsel to either strike that answer or to ask that the jury be instructed to disregard it, much less to ask that a mistrial be declared. Instead, defendant's counsel allowed the plaintiff's attorney to complete his cross-examination (extending over nine additional transcript pages) and then proceeded to complete his redirect examination of the same witness. It was only when the court then called its next recess that defendant's counsel, in chambers, made a motion for mistrial upon another ground and, in that connection, urged "as an additional ground" for that motion that "a mention of insurance" had been made by his own witness, despite his warning the witness "about bringing out any mention of insurance."

Defendant's counsel then conceded that the mention of insurance was not deliberate and that "It's solely within the discretion of the court and in the light of everything else that happened in the case." The trial judge, after stating "I realize that" and agreeing with the statement that the mention of insurance was not deliberate, denied defendant's motion for a mistrial.

According to an annotation in 4 ALR2d 761 (1949), at p 820:

"The conduct of defendant's counsel may be such as to estop him from successfully making the objection that a reference to insurance is such prejudicial error as to require the declaration of a mistrial."

Among the cases cited in support of that rule is the case of *Hatfield v. Levy Bros.*, 18 Cal 2d 798, 117

P2d 841 (1941), in which it was held (at p 849) that the defendant might not successfully claim prejudice from the inadvertent mention of insurance because no objection was made until after the witness had left the stand and because defendant never at any time made a motion to strike the answer or ask the court to instruct the jury to disregard the reference to insurance. See also other cases to the same effect as cited in 4 ALR2d, *supra,* at 820-21.

This court has not previously had occasion to rule upon the question whether failure of counsel to promptly object or to move to strike or to ask the court to instruct the jury to disregard a question or answer in which insurance is mentioned inadvertently, or to promptly move for a mistrial, will bar a defendant from a subsequent motion for mistrial or new trial on that ground.

This court has held in many cases, however, that the failure to object promptly to an improper question waives such an objection and that, in addition, it is necessary to move promptly to strike an improper answer by a witness to a proper question.[2] This court has also held that in such an event, the trial judge should also be requested to instruct the jury to disregard such testimony[3] and that ordinarily the admonition by a trial judge to a jury to disregard improper testimony cures such an error except in extreme circumstances, such as a direct appeal to

[2] Savage Adm'x v. Palmer et al, 204 Or 257, 274, 280 P2d 982 (1955). See also Wallender v. Michas, 256 Or 587, 592, 475 P2d 72 (1970); Derrick v. Portland Eye etc. Hospital, 105 Or 90, 100, 209 P 344 (1922); and DeSpain v. Bohlke, 259 Or 320, 327, 486 P2d 545 (1971).

[3] Sargent v. Foland, 104 Or 296, 303, 207 P 349 (1922).

passion and prejudice (which this was not).[4] In addition, the court has held that a motion for mistrial must be made promptly and that such a motion when made later is ordinarily too late.[5]

There are particular reasons why these same rules should be applicable and controlling in cases in which, in response to proper questions, improper answers are given in which mention of insurance is made inadvertently. Indeed, this court has already held that the admonition by a trial judge to a jury to disregard an inadvertent reference by a witness to insurance cures such an error (if any), at least in the ordinary case, such as this.[6]

If defendants' counsel in personal injury cases are not required to take such action, and to do so promptly, they will be encouraged, by the making of a tardy and pro forma motion for mistrial in the expectation that it will be denied, to "gamble" on a favorable verdict and still retain a "hedge" in the record against an unfavorable verdict, rather than run the risk of having a prompt and vigorous motion for mistrial granted, with the resultant expense and incon-

---

[4] Bratt v. Smith, 180 Or 50, 60, 175 P2d 444 (1946). See also Newbern v. Exley Prod. Exp. Co., 212 Or 458, 477-78, 320 P2d 678 (1958); Lane v. Hatfield, 173 Or 79, 85, 143 P2d 230 (1943); and State v. Gustafson, 248 Or 1, 6, 432 P2d 323 (1967).

[5] See In Re Kries' Estate, 182 Or 311, 320, 187 P2d 670 (1947). See also Pond v. Jantzen Knitting Mills, 183 Or 255, 267, 190 P2d 141 (1948). But see Bratt v. Smith, 180 Or 50, 60, 175 P2d 444 (1946).

[6] Melcher v. Connell, 119 Or 626, 628-29, 250 P 742 (1926); Jones v. Sinsheimer, 107 Or 491, 495-96, 214 P 375 (1923); and Wells v. Morrison et al, 121 Or 604, 608, 256 P 641 (1927). See also Coblentz v. Jaloff, 115 Or 656, 664, 239 P 825 (1925). This is in accord with the rule as stated in Annot., 4 ALR2d 761, 821-22 (1949).

venience of a retrial.[7] A further reason why these same rules should be applied in cases involving the inadvertent mention of insurance is the extremely dubious prejudice of a reference to insurance upon a modern jury in the usual automobile accident cases, as discussed below.

It follows that the trial court did not err in denying defendant's motion for mistrial. It also follows that the trial court would not have erred in denying defendant's subsequent motion for a new trial on that same ground. Such a conclusion does not completely dispose of this case, in which the trial judge granted, instead of denied, defendant's motion for a new trial. This is because a trial court may grant a new trial because of an error in the admission of testimony, regardless of whether a proper objection, exception or motion was made by counsel.[8] It is still required, however, that there must have been a substantial and prejudicial error, as next discussed.

2. *A trial court can properly grant a new trial in such a case only when there has been substantial and prejudicial error. The inadvertent mention of in-*

[7] Thus, in Bennett v. City of Portland, 124 Or 691, 265 P 433 (1928), in which defendant made no objection to an inadvertent mention of insurance, we said (at 697):

"* * * Litigants should not be encouraged to sit by and permit errors to be incurred in the trial for the purpose of having ground for appeal."

Compare Parmentier v. Ransom, 179 Or 17, 23, 169 P2d 883 (1946), and Godvig v. Lopez, 185 Or 301, 320-21, 202 P2d 935 (1949), holding that when an exception to error of law is taken for the first time on motion for a new trial, "* * * the rule still remains 'that it is not error alone, but error legally excepted to that constitutes grounds for reversal.' "

[8] See Strandholm v. General Const. Co., 235 Or 145, 382 P2d 843 (1963) (granting of new trial for *intentional* mention of insurance was affirmed despite absence of proper objection on trial).

*surance in this case was not substantial and prejudicial error.*

The majority holds that "where the fact that defendant is insured has been unintentionally injected into the case we have held that whether or not to grant a mistrial is within the discretion of the trial court," quoting from *Johnson v. Hansen,* 237 Or 1, 6, 389 P2d 330, 390 P2d 611 (1964), and *Blake v. Webster Orchards, supra.* This appears to be in accord with defendant's contention that under *Blake* and *Webster Orchards* the granting or denial of a new trial is within the "largely uncontrolled" discretion of the trial judge and will be reversed only for a manifest abuse of that discretion.

ORS 17.610 authorizes the granting of a new trial "for any of the following causes materially affecting the substantial rights of such party:

"(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial.

"* * * * * *

"(7) Error in law occurring at the trial, and excepted to by the party making the application."

In this case, defendant does not contend that the inadvertent mention of insurance by a witness in response to a proper question was an "irregularity in the proceedings" under ORS 17.610 (1). Instead, defendant's motion for a new trial contended that the denial of its motion for mistrial upon the ground that defendant's witness, on cross-examination, made a reference to insurance was an "error(s) in law occurring at the trial and excepted to by the defendant," under ORS 17.610 (7).

It is true that this court has recognized that the granting of a new trial rests largely within the sound discretion of the trial judge, *Armstrong v. Stegen,* 251 Or 340, 342, 445 P2d 509 (1968), and that it requires a clearer case or stronger showing to authorize a reversal of an order granting a new trial than it does to reverse an order overruling a motion for a new trial. *Burrows v. Nash,* 199 Or 114, 121, 259 P2d 106 (1953).

On the other hand, this court held more recently in *McIntosh v. Lawrence,* 255 Or 569, 572, 469 P2d 628 (1970), in reversing the granting of a new trial that:

"* * * A new trial may be granted only where there is a basis for a finding by the trial judge of substantial prejudicial error. * * *"

Indeed, in this day of crowded trial dockets, it is inconsistent with the efficient administration of justice to tolerate the granting of a new trial in any case for alleged errors of law, as in this case, unless "there is a basis for a finding by the trial judge of substantial prejudicial error."

In the leading case of *Timmins v. Hale,* 122 Or 24, 256 P 770 (1927), this court pointed out that prior to the adoption in 1910 of Art VII, § 3 of the Oregon Constitution the granting or denial of a motion for a new trial was a matter resting within the discretion of the trial court. The court then quoted (at p 30) from *Archambeau v. Edmunson,* 87 Or 476, 486, 171 P 186 (1918), in which it was held that:

"Since that amendment became operative it has been held that the granting of a new trial was not a matter of discretion; that an order for the rehearing of a cause could not be sanctioned *except*

*when the court had committed some error* \* \* \*."
(Emphasis added)

This court in *Timmins* then held (at p 32) that although the trial court may grant a new trial despite the absence of proper objection or exception by counsel:

"\* \* \* before the court is authorized to act, the error must have been prejudicial and it must have prevented the party in whose interest the power is invoked from having his case fairly presented and tried, and we think it must have been an error which if the matter had been seasonably called to the attention of the court and an adverse ruling made and an exception taken, would have been sufficient to justify the reversal of the judgment upon appeal; \* \* \*"

Finally, this court in *Timmins* held, at p 33:

"There are other grounds provided for by statute for the setting aside of a judgment and the granting of a new trial in the granting of which the trial court exercises a discretionary power. But *as to the matters hereinbefore referred to, namely, the setting aside of a judgment and granting a new trial because of errors of law occurring upon the trial,* the court in granting the motion or in setting aside the judgment upon his own motion *exercises no discretionary power,* for in such case the court is controlled by positive rules of law. \* \* \*" (Emphasis added)

Although in the intervening years since *Timmins* there have been some "loose expressions" by this court giving the impression of a return to the old rule that the granting or denial of a new trial is discretionary, even for alleged errors of law, the court has continued to recognize the correctness of this analysis. See, for example, *Arthur v. Parish,* 150 Or 582, 47 P2d 682

(1935), and *Foxton v. Woodmansee,* 236 Or 271, 284-86, 386 P2d 659, 388 P2d 275 (1933).®

Thus, in *Foxton,* as in *Timmins,* we reversed the granting of a new trial and remanded the cause with instructions to enter judgment on the jury verdict and in doing so rejected (at p 284) the contention that "in view of the Trial Court's exercise of its discretion in granting a new trial, the proper approach should have been to determine whether it had abused its discretion," rather than to "conduct(s) its search as if it were looking for reversible error." The court also again quoted with approval (at pp 285-86) the rule as previously stated in *Timmins.* In turn, we cited *Foxton* as authority for our more recent holding in *McIntosh v. Lawrence, supra,* in which we again reversed the granting of a new trial for the defendant and held (at p 572) that "a new trial may be granted only where there is a basis for a finding by the trial judge of substantial prejudicial error."

Now to apply these well-established rules to a case involving the inadvertent mention of insurance by defendant's witness in response to a proper question.

---

® In Arthur v. Parish, 150 Or 582, 47 P2d 682 (1935), we said, at pp 588-89:

"\* \* \* Some loose expressions may be found in various opinions of this court relative to the exercise of discretion in granting new trials, but we think no discretion is involved concerning positive rules of law. The law is either one thing or another and the trial court has no discretion in its application to the facts of a given case. An appellate court, however, is more liberal in its consideration of the rulings of a trial court where a new trial has been granted than where a judgment is sought to be reversed on appeal."

See also Goggan v. Consolidated Millinery, 242 Or 328, 332, 409 P2d 174 (1965).

For a more recent decision to the same effect, see Landolt v. The Flame, Inc., 261 Or 243, 492 P2d 785 (1972).

This court has often *affirmed the denial of motions for new trial* for the inadvertent mention of insurance by a witness in response to a proper question. *Blake v. Webster Orchards, supra,* is such a case. This court has also held repeatedly that the *denial of a motion for mistrial* based upon the inadvertent mention of insurance by a witness in response to a proper question *is not an error of law.* See *Goodale v. Hathaway,* 149 Or 237, 239, 39 P2d 678 (1935). See also *Fogelsong v. Jarman,* 168 Or 177, 181, 121 P2d 924 (1942),[10] and *Stone et al v. Oliver,* 135 Or 4, 7, 294 P 346 (1930), and cases cited therein.

For these reasons, it follows that because the trial judge did not commit error in denying defendant's motion for mistrial, that some alleged ground for mistrial (the inadvertent mention of insurance by defendant's witness in response to a proper question) cannot properly be contended to be an "error of law" for the purpose of determining whether defendant's motion for a new trial should have been granted or denied. It also follows, in my view, that the trial court in this case had no discretionary power to grant a new trial, but that because it committed no error in the denial of defendant's motion for mistrial, it could not properly enter an order granting a new trial on that ground. Thus, as in *Timmins, Foxton* and *McIntosh,* that order should be reversed with instructions to enter judgment on the jury verdict.

For these same reasons, our previous decision in *Blake v. Webster Orchards, supra,* has no application to this case. The motion for mistrial was made promptly in that case, with no contention that defendant had waived its right to move for a mistrial by failing to

[10] See also cases cited in note 15.

make proper and timely objections or motions of any kind. Of more importance, this court in *Blake* did no more than to hold that it was not error to *deny* a motion for *mistrial* in a case in which there had been an inadvertent mention of insurance. In other words, the statement in *Blake* that the trial judge had a "largely uncontrolled" discretion to *grant,* as well as to deny, a motion for a *mistrial* based upon the inadvertent mention of insurance is no more than dictum. At the least, the quotation of that statement by the majority in this case does not support its conclusion that a trial judge has equal discretion to grant, as well as to deny, a motion for a *new trial* on such a ground, particularly after denial of the motion for mistrial on the same ground.

It follows that *Blake* is clearly distinguishable and is not controlling over the result in this case.

In this case it also appears from the record that the trial judge may have been misled by what also must have been an "inadvertent" statement by counsel to the effect that *Blake v. Webster Orchards, supra,* was an "almost *identical case,*" and that the trial court was *reversed* in that case. As previously noted, however, *Blake* was not an "identical case" for the reason that in *Blake* this court *affirmed* the *denial* of a motion for mistrial on that ground. As stated in *Stanich v. Buckley et al,* 230 Or 126, 129, 368 P2d 618, 622 (1962), "* * * [I]t is our duty to reverse the trial court if the order granting the new trial is based upon an erroneous conception of the law."

3. *The inadvertent mention of insurance by a defendant's witness in response to a proper question is not of itself prejudicial error so as to be a proper*

*ground for either a mistrial or a new trial in the absence of other facts.*

In addition, the time is long overdue, in my view, for this court to re-examine the rule as stated in *Blake v. Webster Orchards, supra,* whether considered as dictum or not, and to recognize that the inadvertent mention of insurance by a defendant's witness in response to a proper question is not of itself prejudicial error so as to be a proper or sufficient ground for the granting of either a motion for a mistrial or for a new trial, at least in the absence of other facts.[1]

At the outset, it must also be recognized that one of the difficulties in dealing with this question is that it involves two different problems: (1) the impropriety in the conduct of an attorney who deliberately and intentionally brings insurance into a case for an improper purpose, and (2) the possible prejudice to a jury as a result of the mention of insurance.

When an attorney is guilty of misconduct by deliberately bringing insurance into a case for an improper purpose, the granting of a mistrial is proper, not so much because of possible prejudice to the jury, but as a so-called "prophylactic" rule to discourage such improper conduct by attorneys. When, however, the mention of insurance is inadvertent, particularly when the fact of insurance is mentioned in response to a proper question, no impropriety in the conduct of counsel is involved. The question of the possibility of prejudice to a jury from the mention of insurance, however, may be the same whether the fact of insurance is mentioned inadvertently or as the result of improper conduct by counsel.

---

[1] In Johnson v. Hansen, 237 Or 1, 17, 389 P2d 330, 390 P2d 611 (1964), Justice O'Connell, in a specially concurring opinion, also called for a "re-appraisal of this insurance bugaboo."

Of greater importance, however, is the fact that the rule as stated by the majority to be the proper test to be applied in the granting or denial of a motion for mistrial, and which would also be adopted by the majority in this case as a test to be applied in the granting or denial of a motion for a new trial, even after the denial of a mistrial, is a rule which, in effect, *presumes to be prejudicial* even the inadvertent mention of insurance by a witness in response to a proper question, in the absence of "any countering influences that arise from his own special knowledge of the conditions in his courtroom."®

It is true that such a test had been stated by this court in *Johnson v. Hansen,* 237 Or 1, 6, 389 P2d 330, 390 P2d 611 (1964), as a test to be applied by a trial court in the granting or denial of a motion for mistrial. But in *Blake v. Webster Orchards, supra,* this court did not recognize or reaffirm that statement. On the contrary, this court in *Blake,* in *affirming* a trial

---

® This follows from the adoption by the majority of the following test, as stated in Johnson v. Hansen, 237 Or 1, 6, 389 P2d 330, 390 P2d 611 (1964):

"* * * The judge must weigh against an inference that prejudice actually resulted any countering influences that arise from his own special knowledge of the conditions in his courtroom. * * *"

The majority also quotes from the dissenting opinion in De-Spain v. Bohlke, 259 Or 320, 321, 486 P2d 545 (1971), in which it was stated that:

. "The unnecessary injection of insurance be it intentional or inadvertent, is prejudicial and ground for a mistrial unless the court can point to some special circumstance negating the likelihood of prejudice."

The majority then says that "In the instant case it is not necessary to take the step urged by the dissenters." The effect of the rule approved by the majority, however, is that unless the "inference" of prejudice from the inadvertent mention of insurance is overcome by "any countering influences," the trial court may properly grant a mistrial.

court for the *denial* of a motion for mistrial based upon the inadvertent reference to insurance by a witness, recognized (249 Or at pp 355-56) the "unstated reason" for conferring discretion on the trial judge to *deny* a mistrial in such cases to be:

"\* \* \* that there is doubt whether or not a defendant is really prejudiced if a jury learns that the defendant has insurance. *Johnson v. Hansen,* 237 Or 1, 16-18, 389 P2d 330, 390 P2d 611 (1964). There is a belief that many jurors assume that the defendants in most tort cases are covered by insurance. Almost all jurors carry automobile insurance and many jurors carry general liability insurance. The desirability and prevalence of having insurance to protect against many forms of liability is widely advertised by the insurance industry.

"Because the prejudicial effect of the introduction of evidence that the defendant is insured is doubtful, the heavy penalty of a mandatory mistrial when insurance is unintentionally injected is not deemed necessary."

More recently, in *DeSpain v. Bohlke,* 259 Or 320, 323, 486 P2d 545 (1971), the majority of this court stated that "[t]he probability of prejudice [resulting from an inadvertent reference to insurance by a witness in response to a proper question] is too remote to cause reversal," thus adopting, in effect, the position taken in the special concurring opinion by Justice O'CONNELL in *Johnson v. Hansen, supra,* at 16-17, as follows:

"Looking now at the other side of the scale—the probability of prejudice to defendant resulting from plaintiff's inquiry—can it be said that the inquiry had a prejudicial effect? There is substantial support in the adjudicated cases as well as in the texts and legal periodicals for the view that the

mention of insurance has little effect upon the jury's verdict. For example, in *Muehlebach v. Mercer Mortuary and Chapel, Inc.*, 93 Ariz 60, 378 P2d 741, 744 (1963), the court said 'the prejudicial content of a reference to liability insurance is largely a thing of the past. And it has, in part, been made a thing of the past by the expenditure of vast sums of money by insurance companies to educate prospective jurors of the claimed relation between large verdicts and insurance rates.'

"Even without the influence of such advertising it is likely that the average juror would, in most cases, assume that defendant was insured. Wigmore, in advocating the abolition of the nondisclosure rule makes note of this point as follows:

'In the second place, liability-insurance is made compulsory in many States and for certain classes of liability; hence, in such cases the fact of insurance is notorious under the law.

'In the third place, and apart from compulsory insurance, the general prevalence of liability insurance for automobile injuries, is known to the jurors; hence for the law to forbid any disclosure of it in the course of the trial seems to be merely a piece of hypocritical futility.' 2 Wigmore, Evidence § 282a at 146 (3d ed 1940).

This theme runs through a number of the cases criticizing the nondisclosure rule. * * *"

An examination of opinions by courts in other states since *Johnson v. Hansen* was decided in 1964, fully confirms this view.[®] Indeed, it is now more likely

---

[®] E. L. Jones Construction Co. v. Noland, 105 Ariz 446, 466 P2d 740 (1970) (quoting with approval from Muehlebach v. Mercer Mortuary and Chapel, Inc., 93 Ariz 60, 378 P2d 741 (1963)); and Halstead v. Sanky, 265 NYS2d 426, 48 Misc 2d 586 (Sup Ct 1965). See Cortesia Cadillac v. Willard A. Selle, Inc., 442 SW2d 925 (Tex Civ App 1969); and Lyster v. Metzger, 68 Wash 2d 216, 412 P2d 340, 344-45 (1966). See also Notes 7 Ga St B J 240, 247

that jurors in automobile accident cases would be prejudiced against a party by disclosure of the fact that he does *not* carry insurance, than by the fact that he does so.

Of equal significance is the fact that in actual practice this court has never reversed a trial court for denying a motion for mistrial for the inadvertent mention of insurance by a defendant's witness in response to a proper question,[34] but has invariably affirmed trial judges for denying motions for mistrial in such cases.[35] Neither has this court ever had occasion to

---

(1970); Notes 16 Syracuse L Rev 92, 98-100 (1964); Notes 70 Dick L Rev 64, 78-80 (1965); and cases cited in 4 ALR2d, *supra* note 6, § 12 (1971 Supp). For earlier cases see special concurring opinion by Justice O'Connell in Johnson v. Hansen, 237 Or 1, 9, 389 P2d 330, 390 P2d 611 (1964).

[34] No such case has been cited by counsel and further research has revealed none.

[35] Oregon cases affirming the denial of a motion for new trial, or mistrial or to discharge the jury because of an inadvertent reference to insurance by a witness in response to a proper question include: DeSpain v. Bohlke, 259 Or 320, 486 P2d 545 (1971); Blake v. Webster Orchards, 249 Or 348, 437 P2d 757 (1968); Jones v. Imperial Garages, 174 Or 49, 145 P2d 469 (1944) (reversed on other grounds); Fogelsong v. Jarman, 168 Or 177, 121 P2d 924 (1942); Goodale v. Hathaway, 149 Or 237, 39 P2d 678 (1935); Willhite v. Freed, 137 Or 1, 299 P 691 (1931); Ziegler v. Alaska Packers' Ass'n, 135 Or 359, 296 P 38 (1931); Wells v. Morrison et al, 121 Or 604, 256 P 641 (1927); Melcher v. Connell, 119 Or 626, 250 P 742 (1926); Coblentz v. Jaloff, 115 Or 656, 239 P 825 (1925); and Jones v. Sinsheimer, 107 Or 491, 214 P 375 (1923). See also Sherrick v. Landstrom, 229 Or 415, 367 P2d 432 (1961); Rundlett v. Director, 150 Or 658, 47 P2d 848 (1935); and Hoffman v. Broadway Hazelwood, 139 Or 519, 10 P2d 349, 11 P2d 814 (1932).

The foregoing cases do not include either cases in which reference to insurance was held to be proper because relevant to some issue or for some other reason or cases in which reference to insurance was made by counsel, such as in the examination of

affirm a trial court for granting a mistrial on such a ground. On the contrary, insofar as the cases appealed to this court are concerned, it appears that trial courts have also, until this case, invariably denied motions for mistrial and motions for new trial on this same ground.[15]

This was just such a case. In this case the reference to the fact of insurance by defendant's witness was not only unintentional, but no facts appear in the record, other than that inadvertent reference, to support an inference that defendant was prejudiced in any way as a result.[17] On the contrary, this was a case in which plaintiff claimed to have suffered an injury because of a defect in the steering mechanism of a truck owned by the operator of a ranch and a modern jury would normally assume that such a vehicle would

---

prospective jurors. See also Annot., 4 ALR2d 761 (1949), and Evidence in Oregon Civil Trials §§ 1.32–1.35 (1967).

The foregoing cases also do not include cases in which reference to insurance in questions to a witness was held to be intentional. Thus, in Ross v. Willamette Valley Transfer Co., 119 Or 395, 248 P 1088 (1926), the denial of a motion to strike was reversed for the *intentional* asking of an *improper question* by plaintiff's attorney. Similarly, in Guthrie v. Muller, 213 Or 436, 325 P2d 883 (1958), the granting of a new trial for the intentional injection of insurance was affirmed. Also, in Black v. Nelson, 246 Or 161, 424 P2d 251 (1967), in which plaintiff's witness was asked whether plaintiff had been paid by the insurance company, an improper question, the denial of a motion for mistrial was reversed.

[16] See cases cited in note 15.

[17] Defendant's expert witness stated only, in response to a proper question, that the vehicle had been shown to him by the "insurance adjuster," without stating whose insurance adjuster. There was no suggestion that the insurance adjuster had made any offer of settlement or had made any admissions of liability or that the amount of insurance was either adequate or inadequate to cover the amount of the claim.

be covered by some kind of insurance. As stated by this court in *Johnson v. Hansen, supra* (237 Or at 6):

"* * * The burden is upon the complaining party to show some real probability that his right to a fair trial was impaired. No such showing has been made in this case. * * *"

It follows that the granting of a new trial in this case, after previously and properly denying a motion for mistrial, was contrary to past practice and precedent in Oregon. It also follows that by affirming the granting of a new trial because of the bare and inadvertent mention of insurance by a defendant's witness in response to a proper question, to which no objection or motion to strike was made and no prompt motion for mistrial, and after previously denying a subsequent motion for mistrial, the majority would give its sanction to a rule which is contrary to the great weight of recent authority, as well as the actual practice by the courts of this state, both trial and appellate.

In my judgment, the "insurance bugaboo" is enhanced, rather than diminished, by the majority opinion and it places the "largely uncontrolled discretion" of the trial court on an even higher peak of pre-eminence.[9] To approve the setting aside of a jury verdict in this case, contrary to uniform past practice, is also a retreat from the goal of equal justice under law.

For all of these reasons, I must respectfully dissent.

O'CONNELL, Chief Justice, joins in this dissent.

---

[9] Cf. Yundt v. D & D Bowl, Inc., 259 Or 247, 486 P2d 553 (1971).